EDNA A. RICKMERS, *Plaintiff in Error,* v. H. G. TUCKER-
MAN, *Defendant in Error.*

Opinion Filed December 15, 1920.

1. Where a real estate broker agrees to accept $300.00 as pay-
   ment in full if he consummates the sale of the property only
   for $30,000.00 cash, he is not entitled to a commission on the
   transaction, if the property is subsequently sold for a less
   price.

2. The contract of a real estate broker to negotiate and bring
   about a sale at a fixed price is not performed if the property
   is subsequently sold at a less price.

A Writ of Error to the Circuit Court for Dade County.

Judgment reversed.

*Hudson, Wolfe & Cason,* for Plaintiff in Error;

*Shutts, Smith & Bowen,* for Defendant in Error.

BROWNE, C. J.—H. G. Tuckerman, a real estate agent,
brought suit and obtained a judgment against Mrs. Edna
A. Rickmers for $1,560.00 as commission for finding a
purchaser for a piece of property belonging to Mrs. Rick-
mers which was sold for $29,000.00.

On January 21, 1917, Mrs. Rickmers gave Mr. Rucker-
man a memorandum in writing in these words: "For
immediate acceptance I will take $29,000.00 (twenty-nine
thousand dollars) for the East half of Lot 12, Blk. 117
N. City of Miami." Then followed the terms upon which
the sale was to be made, which are immaterial in the
determination of the case.

On the 22nd of January Mr. Tuckerman gave Mrs. Rickmers a memorandum in writing in these words: "I hereby finally agree to accept $300.00 from Mrs. E. A. Rickmers as payment in full if I consummate the sale only for $30,000.00 cash of the East half of Lot 12, Block 117 N. City of Miami."

These two documents establish that the offer of Mrs. Rickmers to sell the property for $29,000.00 was limited "for immediate acceptance;" that the offer was not so accepted; that on the next day negotiations were still in progress, and Mr. Tuckerman entered into a different agreement with her, whereby he was to receive $300.00 if he consummated the sale only for $30,000.00 in cash. The second agreement extinguished the first.

It is admitted that the property was sold for $29,000.00. The execution of these two documents and the fact that the property was sold for only $29,000.00 are undisputed.

There is some slight discrepancy between the testimony of Mrs. Rickmers and Mr. Tuckerman about the details of the negotiation, but Mr. Tuckerman does not deny his agreement to accept only $300.00 if he sold the property for $30,000.00 and his testimony about the transaction shows that there was a consideration other than the commission that moved him to enter into this agreement. On this point he testified:

"There was no check in the letter. I had a specific agreement with Mrs. Rickmers for the sale of this specific property at this particular time. When I called on Mrs. Rickmers and made this offer and when she came down and submitted that offer in writing she also submitted to me a half sheet of paper on which she had written out without any previous agreement of any sort from me

that I agreed to accept $300.00 as my commission on this particular deal. I read that over and looked at Mrs. Rickmers considerably surprised and said, Why, Mrs. Rickmers, and she said I am almost ashamed to ask you to accept so small an amount, but another agent has offered to sell the property for that amount and in further consideration of other business we have in hand the commission on which will amount to many times this amount and as there is not much work attached to it, I thought you might accept it. I was negotiating at that time a lease the commission on which would amount to over $5,000.00. I had been negotiating with Mrs. Rickmers on that Hippodrome corner for a lease of the property to Mr. Adair, president of the Universal Publishing Company of New York, and rather than let that be interfered with, I agreed to accept a paltry $300.00."

Mrs. Rickmers' testimony places the case in a more favorable aspect towards herself, but it is unnecessary to refer to it here, as the written agreement of Mr. Tuckerman, supported by the consideration which he said induced him to enter into it, establishes very clearly that only in the event of the property being sold for $300.00 if there was a "sale only for $30,000.00," still as this is the agreement they were acting under when the sale was consummated. When he signed this agreement he knew that if the property sold for less than $30,000.00 he would get no commission, and the sale for $29,000.00 was made with full knowledge on his part of his situation.

Unexplained, the transaction may appear a bit unusual, but with his own explanation that he was anxious for this sale to go through because he thought it would help him in another business transaction that he was nego-

tiating with Mrs. Rickmers, out of which he had prospects of making over $5,000.00, it is quite a natural one.

The contention of the defendant in error that although Mr. Tuckerman's agreement was that he was to get $300.00 if there was a "sale only for $30,000.00," still as the property was sold for $29,000.00, he was entitled to $1,450.00, is without merit. So also is the contention of the defendant in error that because Mrs. Rickmers disclaimed any liability for commissions because the property did not sell for $30,000.00, that Mr. Tuckerman's agreement was extinguished and left the matter as if there had been no agreement whatever, and that he was entitled to be paid a commission on the sale price.

Mrs. Rickmers did not repudiate the agreement. On the contrary, she stood squarely on it, but denied any liability under it.

The agreement in effect says: "If I sell for $30,000.00 I will charge only $300.00 for my services." It is silent about what he should receive if it sold for less than $30,000.00.

The defendant in error is in the position of contending that although the agreement limits to $300.00 the amount the agent should receive if the sale was for $30,000.00, as it sold for less than $30,000.00 he is entitled to a much larger commission. The logic of this contention, and of the verdict and judgment, is that althought the agent was to receive only $300.00 if the property sold for $30,-000.00, he was entitled to receive $1,450.00, because it was sold to his customer for $29,000.00.

It is inconceivable that a person desiring to sell a piece of property should agree to pay a broker a relatively small commission if he should find a purchaser for a stipulated

sum, but would pay him about five times as much if the property was sold to his customer for a thousand dollars less. Parties may of course make such a contract, and if there were no question about what was meant, it would be enforced. We think, however, that Mr. Tuckerman's agreement is not open to that construction, but if it is, it is also capable of the other, and we should place upon it a reasonable and natural construction, and not one that is most unreasonable. The testimony of Mr. Tuckerman and Mrs. Rickmers not only justifies, but requires us to construe it as we have.

The plaintiff in error contends that the agreement was that if the property was sold for $30,000.00 the agent was to reecive $300.00; that it sold for less than $30,000.00 and he is therefore not entitled to $300.00 or any other amount. The rule in Varn v. Pelot, 55 Fla. 357, 45 South. Rep. 1015, that the contract of a real estate broker to negotiate and bring about a sale at a fixed price is not performed if the property is subsequently sold at a less price, controls in this case.

The agreement of January 21st, whereby Mrs. Rickmers offered to sell for $29,000.00 was suspended by the subsequent agreement to pay him $300.00 if the property sold for $30,000.00, and the last agreement is the one that governs in this transaction. It did not sell for $30,000.00 but was sold for a less sum, and the agent's contract was not performed, and he has no claim for his services.

The judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.