547 So.2d 975 (1989)
Mary E. McCLELLAND, As Personal Representative of the Estate of Thomas C. McClelland, On Behalf of His Survivors and Estate, Appellant,
v.
Carl COOL, Vaden Pollard and William Bush, Appellees.
No. 88-03098.
District Court of Appeal of Florida, Second District.
July 28, 1989.
Rehearing Denied August 24, 1989.
W. James Kelly and C. Kenneth Stuart of W. James Kelly, P.A., Lakeland, for appellant.
Claire L. Hamner of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees.
THREADGILL, Judge.
Mary McClelland, as widow and personal representative of the estate, appeals the dismissal with prejudice of her wrongful death action against several state employees. The trial court dismissed the amended complaint on the ground that the allegations were insufficient to state a cause of action. We affirm.
Thomas C. McClelland, an employee of the Florida Department of Transportation (DOT) was killed when heavy equipment he was operating overturned as he worked on a road resurfacing project in Highlands *976 County. The amended complaint alleged that the appellees, who were DOT supervisors on the project, negligently allowed employees under their supervision to operate unfamiliar and potentially dangerous heavy equipment; knowingly violated standard DOT and industry practices; knowingly allowed McClelland to work in an area where it was substantially certain the equipment he was operating would cause the ground or fresh asphalt to collapse or shift; and failed to warn McClelland of this dangerous condition.
The trial court dismissed the amended complaint with prejudice, finding that the allegations did not demonstrate bad faith or malicious purpose, or wanton and willful disregard of human rights, safety, or property sufficient under the criteria in section 768.28(9)(a), Florida Statutes (1987), to constitute a waiver of the sovereign immunity granted state employees. The appellant contends that the court erred in applying section 768.28(9)(a), rather than the more lenient provisions of section 440.11(1) of the Workers' Compensation Law which extends immunity from liability to all employees acting in furtherance of the employer's business, except when there is willful and wanton disregard or unprovoked physical aggression or gross negligence resulting in injury or death. Both statutes waive immunity for willful and wanton acts but only section 440.11 encompasses gross negligence.
The appellant argues that the workers' compensation provision which governs tort actions between coemployees, should control because application of the more stringent standard in the sovereign immunity statute denies the appellant a remedy granted by section 440.11. We acknowledge, as do the appellees, the apparent conflict between the two statutes but conclude that the trial court correctly found that section 768.28(9)(a) controls in a suit against coworkers who are employees of a sovereign.
It is a well-established principle of statutory construction that where there is a conflict between statutes, the more specific statute controls. E.g., Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966); Floyd v. Bentley, 496 So.2d 862 (Fla. 2d DCA 1986); rev. den., 504 So.2d 767 (Fla. 1987); State v. Billie, 497 So.2d 889 (Fla. 2d DCA 1986), rev. den., 506 So.2d 1040 (Fla. 1987). The Workers' Compensation Law is generally applicable to all employers, and extends limited immunity to employers and their employees. § 440.11(1), Fla. Stat. (1987). Section 768.28, however, deals specifically with suits against the state and its agencies and subdivisions. We therefore conclude that section 768.28(9)(a), covering officers, employees and agents of the state, is the more specific statute.
We also adhere to the principle that where it is not possible to give effect to two statutes without materially altering their intent, the last expression of legislative will prevails. E.g., Floyd v. Bentley; Mikos v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc., 475 So.2d 292 (Fla. 2d DCA 1985), affirmed, 497 So.2d 630 (Fla. 1986); Department of Health & Rehabilitative Services v. American Healthcorp of Vero Beach, Inc., 471 So.2d 1312, n. 2, 1315 (Fla. 1st DCA 1985), approved, 488 So.2d 824 (Fla. 1986). The applicable language in the Workers' Compensation Law became effective July 1, 1978. Ch. 78-300, §§ 2, 25, Laws of Fla. The sovereign immunity provision in question became effective on June 30, 1980. Ch. 80-271, § 6, Laws of Fla.; Rupp v. Bryant, 417 So.2d 658, 660-61 (Fla. 1982). Thus, under standard principles of statutory construction, the more recent provision of section 768.28(9)(a) controls.
The appellant argues in the alternative that the court erred because the allegations of the amended complaint do satisfy the greater degree of culpability required by section 768.28(9)(a). We cannot agree. The conclusory allegations of negligent supervision, knowing violation of industry practices and failure to warn do not constitute willful and wanton behavior and therefore fail to state a cause of action sufficient to waive the immunity of a coemployee under section 768.28(9)(a). Rupp v. Bryant, 417 So.2d at 670, and Nicholas v. *977 Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976).
In affirming the court's decision that the more stringent standards of section 768.28(9)(a) control, we need not decide whether the allegations of the amended complaint state a cause of action for gross negligence under section 440.11. The final judgment dismissing the action with prejudice is affirmed.
Affirmed.
CAMPBELL, C.J., and LEHAN, J., concur.