579 So.2d 827 (1991)
Robert C. ELLIOTT and Carol K. Elliott, His Wife, Appellants,
v.
Richard L. DUGGER, As Secretary of the State of Florida Department of Corrections, Appellee.
No. 90-1721.
District Court of Appeal of Florida, First District.
May 13, 1991.
Rehearing Denied June 24, 1991.
*828 Terence M. Brown, P.A., Starke, and P. Scott Russell, IV, Gentry and Phillips, P.A., Jacksonville, for appellants.
Robert A. Butterworth, Atty. Gen., Cecilia Bradley, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
The Elliotts appeal a final summary judgment entered in favor of Dugger. The trial court ruled that their claims for Robert Elliott's work-related injuries based upon simple negligence, intentional tort, and the gross negligence of a coemployee, were either barred by section 440.11, Florida Statutes (1985), which provides that workers' compensation is the exclusive remedy for workplace injury, or the sovereign immunity provisions of section 768.28(9)(a), Florida Statutes (1985). We affirm the trial court's final summary judgment in all respects.
On or about June 18, 1986, Elliott, while on duty as a correctional officer at the reception and medical center in Lake Butler, Florida, unknowingly ingested blood serum contaminated with the AIDS virus, which was placed in his drink by Inmate Grimmer. Inmate Grimmer had obtained the serum from Inmate Dunn, who worked at the medical laboratory at Lake Butler. Since then, Elliott has been repeatedly tested for AIDS, and he has tested negative. Elliott has continued to work for the Department of Corrections (DOC), although he has since been reassigned to a medical center in Jacksonville. After the incident, he suffered mental anguish, anxiety-related nightmares, depression, insomnia, fatigue and crying spells.
Thereafter, Elliott filed a workers' compensation notice of injury, which he mistakenly assumed constituted a formal claim for benefits. The carrier responded, by letter, that benefits were not due. The letter notes claimant's return to work and the absence of any evidence relating medical problems to the incident. Significantly, the letter does not deny compensability of the incident. However, given the fact that the letter does deny benefits, claimant understandably thought that his claim had been denied.[1]
Ultimately, the Elliotts sued Prison Health Services, Inc., which was responsible for the supervision and operation of the prison hospital and lab, and its employees, the inmates. They also sued Dugger, as Secretary of DOC, and Harry C. Winslow, the laboratory supervisor, who was alleged to be an employee of the DOC or Prison Health Services, or both. The Elliotts contend that Winslow knowingly and wrongfully used inmates in the laboratory, particularly Inmate Dunn, and then hid this fact from inspectors. As a result, Dunn gained access to the AIDS contaminated serum and took it from the hospital lab where it found its way into Elliott's drink.
At some point, claimant became aware of the need to file a formal workers' compensation claim, and he did so. In his claim, Elliott sought temporary total disability benefits for July 6, 1986, and from July 9, through July 26, 1986; past medical expenses *829 in the nature of H.T.L.V. blood testing; further medical care in the nature of psychological or psychiatric counseling; and fees and costs. The claim was defended on the grounds that, although there was, admittedly, an accident arising out of and sustained within the course and scope of claimant's employment, there was no compensable injury arising out of the accident, and thus the benefits claimed were not due. The pertinent provisions of the order of the deputy commissioner (now judge of compensation claims) follow:
3. The nature of the accident was that blood serum from an AIDS patient was put into Claimant's coffee by an inmate of the prison, that Claimant drank same, and that three days later Claimant was informed of these facts.
4. Employer is obligated under the Act to furnish the Claimant with the H.T.L.V. blood testing received. Such said blood testing as Claimant received constituted reasonable and necessary medical care for the accident sustained herein. Employer should forthwith pay (or reimburse the group carrier for paying for) such care, as their interests shall appear and in accordance with the Medical and Surgical Fee Schedule.
* * * * * *
6. There is insufficient competent substantial evidence in the record to permit a finding that the accident caused any disability, whether psychiatric, psychological, organic, or otherwise or some combination thereof. Even if the accident aggravated Claimant's preexisting high blood pressure to some degree, this was not shown to have caused any increased impairment of [sic] disability as those terms are understood under the Act. Claimant's lay testimony is not sufficient proof of the medical issues involved.
7. If claimant was promised administrative leave time and then improperly not given it, such is a matter within the jurisdiction of civil service or union grievance process lines to correct but is beyond the jurisdiction of the Workers' Compensation Act.
8. Based upon the foregoing, the claim for temporary total disability benefits must be denied.
9. Likewise there is insufficient competent substantial evidence in the record to permit a finding either (A) that Claimant presently needs psychiatric or psychological counseling or (B) that such need, if any, is compensibly related to the accident. Thus the claim for further medical care in the nature of psychiatric or psychological counseling must be denied at this time.
Dugger again filed a motion for summary judgment, contending that this civil suit is barred under section 440.11, Florida Statutes. The trial court entered an order stating:
The finding of the commissioner was that there was an accident arising out of and sustained within the course and scope of the claimant's employment. The commissioner ordered the employer to pay for medical expenses incurred in connection with the job-related incident. The commissioner denied further medical care in the nature of psychiatric or psychological counseling due to lack of competent substantial evidence of record. The commissioner did not find that Elliott had no right to claim benefits because the injury was not a covered injury nor were workers' compensation benefits denied on the basis that Elliott's alleged injury was not encompassed within the Act or on the basis that he was injured under other situations not covered by the Act. The above factors were stated as the reason the previous summary judgment was reversed.
The plaintiff has also alleged that a fellow state employee, Harry C. Winslow, was guilty of gross negligence. Harry Winslow was the laboratory supervisor who allegedly should have kept the infected serum out of the hands of the prison inmates. Even if the plaintiff were to prove gross negligence on the part of Winslow, the State of Florida, as the employer would be protected from suit pursuant to Florida Statute, Chapter 768.28.
*830 The trial court subsequently denied the Elliotts' motion for rehearing, in essence finding: (1) that they could not recover from Dugger for simple negligence because of Elliott's status as an employee under the Workers' Compensation Act (Act); (2) that even if the actions of the state's employees rose to the level of an intentional tort sufficient to remove the case from the protective umbrella of the Act, in that event the state would be immune from suit under the sovereign immunity provisions of section 768.28(9)(a); and finally, (3) that Dugger could not be sued, as the department head, for the gross negligence of coemployee, Harry C. Winslow, because the sovereign immunity provisions of section 768.28(9)(a), prohibited suit against Winslow. We find this analysis to be correct.
Section 440.11 provides that workers' compensation is the exclusive remedy for work-related injury or death. The immunity from liability enjoyed by the employer is extended to coemployees, except when the coemployee acts "with willful and wanton disregard or unprovoked physical aggression or with gross negligence resulting in injury or death... ." Section 440.11(1), Florida Statutes.
By judicial decision, the Florida Supreme Court has found some exceptions to the application of the statute. First, the court has held that an employee can bring a cause of action in tort if the employer's actions exhibit a deliberate intent to injure, or if the employer engages in conduct which is substantially certain to result in injury or death. Fisher v. Shenandoah General Construction Co., 498 So.2d 882 (Fla. 1986); and Lawton v. Alpine Engineering Products, Inc., 498 So.2d 879 (Fla. 1986). Next, in Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989), the court carved out a special exception to the exclusivity provision for sexual harassment cases, based upon public policy and the notion that sexual harassment is not a workplace risk. In all other cases, not statutorily excepted, the Act remains the exclusive remedy for work-related injuries.
One exception from the Act, by definition, is mental or nervous injury due to fright or excitement only, as this is deemed not to be an injury by accident arising out of employment. Section 440.02(1), Florida Statutes (1985). Accordingly, the Elliotts contend, since Robert Elliott has suffered only mental and nervous injuries which are expressly excluded from the Act, his accident did not result in a compensable disability or impairment under the Act, and his common law remedies are not barred by the exclusivity provisions of the Act. We find this argument of the Elliotts unavailing, however, because this is not a fright case. Instead, Robert Elliott injested contaminated serum into his body, which, as obviously recognized by the judge of compensation claims, constitutes sufficient bodily harm to him to make this a covered injury, and to require coverage for all the sequelae of the injury. In fact, Elliott recognizes that had he contracted AIDS or been disabled due to his exposure to AIDS, he would have suffered an "injury" within the meaning of the Act, resulting in economic losses which would have been compensable. The fact that he has yet to suffer any proven disability, within the meaning of the Act, as a result of his exposure to AIDS does not make his injury any the less compensable. Thus, the trial court correctly determined that Elliott was barred from bringing a civil suit against his employer for his injuries.
Regarding Elliott's contention that he could sue for an intentional tort, it was necessary for the complaint to allege conduct which is virtually certain to result in injury or death or a deliberate intent to injure. See Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA 1990). It is our view that the allegations of the complaint are insufficient to allege a cause of action for intentional tort. Nevertheless, even if the allegations of the complaint could be construed as sufficient to allege a deliberate intent to injure, or conduct which is virtually certain to result in injury or death, we agree with the trial court that suit would be barred by section 768.28(9)(a), which makes the state immune from suit for acts of employees committed *831 in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
Finally, concerning Elliott's contention that he could sue Dugger for coemployee Winslow's gross negligence, section 768.28(9)(a) grants sovereign immunity to coemployees who work for the state or any of its subdivisions, unless the employee acts with bad faith, malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property. Thus, although section 440.11 permits suit against a coemployee who acts with gross negligence, section 768.28(9)(a) grants immunity to a state coemployee who merely acts with gross negligence and not the greater degree of culpability set forth in the statute. In those rare cases where the two statutes collide  suits against coworkers who are employees of a sovereign  it is the provisions of section 768.28(9)(a) which control. McClelland v. Cool, 547 So.2d 975, 976 (Fla. 2d DCA 1989).
AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] A previous motion for summary judgment filed by Dugger was granted by the trial court, but this court reversed, finding that there were material issues of fact existing whether Dugger was estopped to raise the exclusivity provisions of the Workers' Compensation Act. Elliott v. Dugger, 542 So.2d 392 (Fla. 1st DCA 1989). It appears from the facts stated in the opinion, that this court did not have the carrier's letter in the record, and could only surmise whether coverage had been denied on the basis that Elliott's alleged injury was not encompassed within the Act or on the basis that he was injured under other situations not covered by the Act, in which event he might have been free to pursue common law remedies. Id. at 394. The facts being now known, it is clear that estoppel does not work against the state.