PER CURIAM.
We reverse the dismissal with prejudice of counts I and III of plaintiffs’ third amended complaint against plaintiff husband’s coemployee of the City of Tarpon Springs. Those counts were for damages for personal injuries and loss of consortium suffered as an alleged result of an automobile accident while the husband was driving, at the instance of defendant, who was the husband’s superior, a city automobile known by defendant to be unsafe.
Section 768.28(9)(a), Florida Statutes (Supp.1984), controls causes of action by employees of a municipality against coem-ployees. See Elliott v. Dugger, 579 So.2d 827, 831 (Fla. 1st DCA 1991); McClelland v. Cool, 547 So.2d 975 (Fla.2d DCA 1989). We cannot agree with the trial court that the third amended complaint did not allege the “bad faith or ... malicious purpose or ... wanton and willful disregard of human rights, safety, or property” requisite for a cause of action under that section. The *923 alleged facts of this case are in apparent contrast to those of McClelland in which this court affirmed the dismissal of a complaint against a supervisory coemployee because the supervisor’s directions that the plaintiff’s decedent engage in dangerous work did not constitute the willful and wanton behavior required under section 768.-28(9)(a). In this case there are allegations that defendant supervisor directed the plaintiff to engage in dangerous work after allegedly having been told by plaintiff on several occasions of the specific nature of the danger.
We affirm the dismissal of count II which purported to allege a cause of action for intentional infliction of emotional distress. See Elliott.
Reversed in part, and affirmed in part.
LEHAN, C.J., and PARKER and PATTERSON, JJ., concur.