PER CURIAM.
The plaintiffs, David Moore and Ellen Moore, appeal from a final summary judgment in favor of the defendants, River Ranch, Inc. d/b/a River Ranch Resorts, a Florida corporation; Outdoor Resorts of America, Inc., a Tennessee corporation; Outdoor Resorts of River Ranch, Inc., a Florida corporation (“River Ranch”). Because a jury question is created by the facts established in the record, we reverse.
On July 29, 1989, the Moores traveled to the River Ranch Resort in Lake Wales, Florida, for a weekend retreat. While a guest at that resort, Mr. Moore rode in an ultralight plane and was injured when the plane crashed. The Moores filed a complaint alleging, in part, that River Ranch represented that it operated and/or provided the ultralight plane rides to the public; that the ultralight plane personnel were agents of River Ranch; that River Ranch had a duty to provide reasonably safe activities for the guests; that River Ranch failed to supervise the operators of the ultralight plane to insure that the plane was in proper order and that the pilot was capable of controlling the plane; and that the activity was unreasonably dangerous to the public.
River Ranch filed a motion for summary judgment asserting that it did not have a duty to Mr. Moore because it did not know or have reason to know that the ultralight ride was dangerous and, further, that River Ranch never made any representations that the owners or operators of the ride were its agents. The trial court entered an order granting summary judgment finding that no actual or apparent agency relationship existed between River Ranch and the operators of the ultralight aircraft and that River Ranch owed no duty to the Moores. Thereafter, final judgment was rendered in favor of River Ranch.
It is well settled under Florida law that the existence of an agency relationship is ordinarily a question of fact to be determined by the trier of fact. Orlando Executive Park v. Robbins, 433 So.2d 491, 494 (Fla.1983); McCabe v. Howard, 281 So.2d 362, 363 (Fla. 2d DCA 1973). The determination of an agency relationship can be resolved by summary judgment only when the evidence is capable of just one interpretation. Blue Cross/Blue Shield of Florida, Inc. v. Weiner, 543 So.2d 794, 797 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (Fla.1989), and cert. denied, 494 U.S. 1028, 110 S.Ct. 1475, 108 L.Ed.2d 612 (1990); Folwell v. Bernard, 477 So.2d 1060, 1062 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 595 (Fla.1986); Jaar v. Univ. of Miami 474 So.2d 239, 242 (Fla. 3d DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986).
*644 The facts established by the record in this case create a jury question as to whether an agency relationship existed between River Ranch and the operators of the ultralight plane rides. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
CAMPBELL, A.C.J., and'BLUE and FULMER, JJ., concur.