725 So.2d 1197 (1999)
Gina CASTELLANO, Appellant,
v.
Mark RAYNOR, Appellee.
No. 98-00869
District Court of Appeal of Florida, Second District.
January 6, 1999.
Rehearing Denied February 2, 1999.
*1198 Jennifer Beltz-McCamey of Beltz & Ruth, P.A., St. Petersburg, for Appellant.
Charles W. Hall of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for Appellee.
CAMPBELL, Judge.
Appellant, Gina Castellano, challenges the final summary judgment entered in favor of appellee, Mark Raynor. Appellant argues that summary judgment is precluded because there exists a material issue of fact as to whether appellee's conduct exhibited a willful and wanton disregard for appellant's safety. We disagree and affirm.
Appellant filed a personal injury claim against appellee for injuries she allegedly sustained in a January 27, 1995, work-place accident. Both appellant and appellee were employed at Graham Elementary School; appellant as a secretary, and appellee as a physical education teacher. As employees of the Hillsborough County School Board, both appellant and appellee are immune from suit as a party defendant and immune from personal liability, unless they acted "in bad faith or with a malicious purpose, or in a manner exhibiting a willful and wanton disregard of human rights, safety or property." § 768.28(9), Fla. Stat. (1995).
Generally, the immunity afforded to workers from suits by co-employees is governed by section 440.11, Florida Statutes (1995), a portion of the Worker's Compensation Law. However, because appellant and appellee are both governmental employees, appellee's immunity flows from section 768.28(9)(a). See Tracey v. Ludwig, 604 So.2d 922 (Fla. 2d DCA 1992); McClelland v. Cool, 547 So.2d 975 (Fla. 2d DCA 1989); see also Elliott v. Dugger, 579 So.2d 827 (Fla. 1st DCA 1991).
Section 768.28(9)(a) clothes governmental employees with individual immunity that is lost only as to torts committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights and safety. Because appellant cannot legitimately contend that appellee acted in bad faith or with a malicious purpose, she argues that appellee's conduct could be considered willful and wanton and therefore outside his individual immunity.
In ruling on a motion for summary judgment, courts must construe facts in a light most favorable to the nonmoving party. See Courtney v. Florida Transformer, Inc., 549 So.2d 1061 (Fla. 1st DCA 1989). A summary judgment cannot stand where genuine issues of material fact exist. See Marquez v. Heim Corp., 632 So.2d 85 (Fla. 3d DCA 1993). Here the facts of the accident are undisputed. Appellant and appellee were friends and coworkers at Graham Elementary School. On the day of the accident, appellee was waiting for his next class to arrive at the physical education field and was casually tossing a football to some students who passed on the sidewalk. He noticed appellant exiting the building, called her name, and tossed the ball underhanded in a slow arc toward her for her to catch. Appellee *1199 saw no reason to believe that tossing the ball to appellant was dangerous. Yet, to his dismay, the ball struck appellant on the jaw and upper chest. He rushed to her assistance and apologized. At that point, he learned that appellant had been carrying some student files which he had not seen prior to tossing her the ball.
Appellant does not dispute these facts as she testified that she simply heard appellee call her name and turned toward him when the football hit her face. She believes the ball traveled in an arc and, although appellant suggests that there is a dispute as to how far the ball traveled, counsel resolved that issue by having appellee mark photographs which show the distance. While appellee knew appellant had jaw problems, there is no evidence that suggests appellee intentionally threw the ball at appellant's head. Appellant did not believe appellee intended to injure anyone, and applied for and received worker's compensation benefits. Based upon these undisputed facts, the trial judge concluded that appellee was immune from suit. Cf. Castro v. Allstate Ins. Co., 724 So.2d 133 (Fla. 3d DCA 1998) (finding no intent to harm shown where police officer playfully tickled another police officer's ear with the antenna of his hand-held radio, and second officer suddenly and unexpectedly turned head, forcing antenna into ear canal, rupturing second officer's ear drum).
The trial judge correctly recognized that appellee's act of tossing a football to appellant, while perhaps negligent or foolish, did not rise to the level of culpability necessary to avoid immunity. While summary judgments should be cautiously entered, where the material facts are not in dispute and the moving party is entitled to a judgment as a matter of law, it is the court's duty to enter summary judgment. Fla. R. Civ. P. 1.510(c).
We affirm the summary judgment entered for appellee.
PARKER, C.J., and PATTERSON, J., Concur.