SALCINES, Judge.
Kenneth J. Duncan, Jr., appeals the partial summary judgment entered in favor of Bay Realty of Englewood, Inc., upon its claim of breach of contract. In that there are outstanding material issues of fact, we reverse and remand for further proceedings.
In the summer of 1997, Mr. Duncan was attempting to sell a group of condominiums known as Sea Oats in Englewood, Florida. He was approached by Bay Realty with a document entitled “Commission Agreement (For One Transaction Only)” which stated:
In consideration of the presentation of the Offer To Purchase and Contract for Sale between Ken Duncan and Jim Annesley dated Sept 2, 1997, relating to the real property commonly known as Sea Oats the undersigned Seller/Buyer agrees to pay a commission or fee of 6 of [sic] percent of the purchase price or a fixed fee of_/_to Bay Realty of En-glewood, Inc., at the time of closing the transaction.
Attached to the commission agreement was a contract to purchase the condominiums which had been signed by Jim Annesley on September 2, 1997. Mr. Duncan signed the commission agreement on September 3, 1997, and on the same date signed the contract for purchase after making several changes, including increasing the earnest money deposit from $1,000.00 to a total of $10,000.00, changing the agreement within the contract for purchase itself to reflect a six percent rather than a seven percent commission, and noting that the occupants of the condominiums were month-to-month tenants to eliminate the requirement that the buyer approve the tenants. This counteroffer was never approved by Mr. Annesley, and the sale was not consummated under the terms of the original contract for purchase or the counteroffer.
Approximately five months after the closing date of the original contract for purchase, Mr. Duncan and Mr. Annesley closed on Sea Oats pursuant to the terms of a different contract. Although the purchaser’s broker was paid a commission, Bay Realty did not receive any commission *550 for this sale and purchase. Thereafter, Bay Realty filed a three-count complaint which alleged (1) breach of the written commission agreement, (2) quantum meru-it to recover damages for the professional real estate brokerage services Bay Realty had performed on behalf of Mr. Duncan, and (3) unjust enrichment to recover damages for the benefit conferred upon Mr. Duncan by the professional real estate brokerage services provided by Bay Realty.
Bay Realty filed a motion for partial summary judgment relating to the breach of contract claim only. In the motion, it was alleged that Bay Realty had fully performed its obligations under the commission agreement by presenting the offer to purchase and contract for sale from Mr. Annesley to Mr. Duncan, by introducing Mr. Duncan to Mr. Annesley, and by calling Mr. Annesley’s attention to the property. It was asserted that Bay Realty was the “procuring cause for the Transaction.” At the hearing on the motion, Bay Realty stated that the sale would not have taken place without its actions and it did not actively work on the new contract between Mr. Duncan and Mr. Annesley because it was excluded from participating by Mr. Duncan.
At the hearing on the motion, Mr. Duncan pointed out that the agreement upon which Bay Realty sought to recover damages was not a listing agreement but was a commission agreement for a single transaction. He testified that in the beginning he had continued to work with Bay Realty because he was under the mistaken impression that the counteroffer had been accepted by Mr. Annesley and that the closing would proceed upon the new terms he had required. Further, Mr. Duncan claimed that he stopped working with Bay Realty because it breached its duty to him by failing to inform him that Mr. Annesley had not deposited the additional earnest money funds, that Mr. Annesley could not obtain financing as required by the original contract and counteroffer, that Mr. Annesley had in fact cancelled the original purchase contract due to this inability to obtain financing, and that Bay Realty had otherwise misled" him.
In order to grant a motion for summary judgment, the trial court must find that there are no genuine issues of material fact and that the moving party is entitled to prevail as a matter of law. Jones Constr. Co. of Cent Fla., Inc. v. Fla. Workers’ Comp. JUA, Inc., 793 So.2d 978 (Fla. 2d DCA 2001). The facts presented to the trial court must be viewed in the light most favorable to the nonmoving party. See Castellano v. Raynor, 725 So.2d 1197, 1198 (Fla. 2d DCA 1999).
In the present case, the commission agreement is silent concerning the rights of the broker if the “one transaction” covered by the agreement is not consummated. This agreement is much like the “memorapdum in writing” described in Rickmers v. Tuckerman, 80 Fla. 839, 87 So. 53, 53 (1920), in which the document stated, “I hereby finally agree to accept $300.00 from Mrs. E.A. Rickmers as payment in full if I consummate the sale only [of the subject property] for $30,000.00 cash.... ” In Rickmers, the property was sold for $29,000.00, and the supreme court held that the broker was not entitled to a commission because the property was not purchased for the sum specified in the agreement. There was nothing in the “memorandum” concerning the sum to which the broker would be entitled if the property sold for a lesser sum.
In the present case, the commission agreement is ambiguous and neither the deposition of Bay Realty’s agent, Marlene Matthews, nor that of Mr. Duncan indicates what the exact understanding of the *551 parties was under the terms of the commission agreement. Therefore, the trial court erred when it determined that Bay Realty was entitled to recover a commission as a matter of law.
Accordingly, the partial summary judgment is reversed because there are material issues of fact to be resolved. On remand, the trier of fact shall determine if Bay Realty is entitled to recover the commission under the ambiguous contract, under the theory of quantum meruit, or under the theory of unjust enrichment.
Reversed and remanded.
BLUE, C.J., and STRINGER, J., Concur.