SALCINES, Judge.
Deborah Howard appeals the final summary judgment order entered in favor of Lawrence Savitsky, M.D., William Minnix, M.D., Michael Slomka, M.D., and Tampa Bay Orthopaedic Specialists (“the doctors”), and against Mrs. Howard. In a separate order granting summary judgment, the trial court had concluded that because Mrs. Howard had settled the premises liability lawsuit that she had filed against two homeowners, this medical malpractice case was controlled by Mosley v. American Medical International, Inc., 712 So.2d 1149 (Fla. 4th DCA 1998). We reverse because a material issue of fact remains and the trial court erred in granting summary judgment.
Summary judgment is proper if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, LP, 760 So.2d 126, 130 (Fla.2000). The trial court must construe the facts in the light most favorable to the nonmoving party. Castellano v. Raynor, 725 So.2d 1197, 1198 (Fla. 2d DCA 1999). As with other issues of law, the appellate court reviews the trial court’s decision by the de novo standard of review. Menendez v. Palms W. Condo. Assoc., 736 So.2d 58, 60-61 (Fla. 1st DCA 1999).
On June 16, 1996, Mrs. Howard was a guest in a private home. She was injured when she accidently walked into a plate glass door and her knee shattered the glass. She was immediately treated for her injuries by Dr. Minnix and Dr. Savit-sky at a hospital emergency room. When her injuries did not heal, she was referred by Dr. Savitsky to Dr. Slomka who then referred her to another doctor. Mrs. Howard underwent several surgeries, but the procedures failed to restore lost functioning in her knee and failed to eliminate the pain she suffered in her ankle, knee, and hip.
In April 1997, Mrs. Howard moved to Kentucky. Her new orthopaedic doctor informed her that, in his opinion, the Florida doctors had been negligent in the treatment of her injuries. On September 8, *980 1997, Mrs. Howard filed a premises liability lawsuit against the owners of the home in which the accident occurred. On December 14,1998, Mrs. Howard filed a medical malpractice lawsuit against Dr. Savit-sky and Dr. Minnix. She filed a separate lawsuit against Dr. Slomka and Tampa Bay Orthopaedic Specialists on February 26, 1999. The cases against the doctors were later consolidated.
On March 26,1999, Mrs. Howard settled her lawsuit against the homeowners and a release was executed by the parties which stated:
1. FOR THE SOLE CONSIDERATION OF TWENTY-SEVEN-THOUSAND-FIVE-HUNDRED-AND-NO/IOO-DOLLARS, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges [the homeowners], their heirs, executors, administrators, agents, and assigns, and, except as provided in Paragraph 2., all other persons, firms or corporations, liable or who might be claimed to be hable, none of whom admit any liability to the undersigned but ah expressly deny any liability from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 16th day of June, 1996, at or near ... Gulfport, Pinellas County, Florida.
2. The undersigned reserve their right to pursue and recover all future medical expenses, health care and related expenses, from any person, firm, or organization who may be responsible for payment of such expenses, including any first party health insurance coverage, but such reservation does not include the parties released who are given a full and final release of all claims, including all past, present, or future claims for subrogation arising out of the above-referenced accident.
4. The undersigned hereby declare that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, adjustment and settlement of any and all claims, disputed or otherwise, on account of any and all injuries or damages, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident as against the parties released.
The doctors filed motions for summary judgment in their consolidated case and urged the trial court to find that the release was a legal release of all of Mrs. Howard’s claims from the accident, including their alleged medical malpractice. It was asserted that Mrs. Howard had full knowledge of her injuries caused by the doctors’ negligence at the time she executed the release in 1999. Therefore, the doctors reasoned, the release settled all of Mrs. Howard’s damage claims and barred further damages recovery against the doctors because of the wording contained therein.
In response to the motion for summary judgment, Mrs. Howard argued that the 1999 release was rendered patently ambiguous as to its scope and legal effect by the language in the first paragraph which had been stricken as indicated by a fine *981 marked through a portion of paragraph one. The trial court disagreed and entered summary judgment in favor of the doctors.
We agree that the stricken language contained in the release renders it ambiguous as to future damages and what injuries were released. There was a material issue of fact which the trial court possibly could have resolved had it considered parole evidence. Accordingly, we reverse the trial court’s order and the final judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
CASANUEVA and STRINGER, JJ., concur.