870 So.2d 117 (2003)
Edward E. RODRIGUEZ and Linda M. Rodriguez, Appellants,
v.
TOMBRINK ENTERPRISES, INC., a Florida corporation; John W. Barco, an individual, and Britton & Associates, a Florida corporation, Appellees.
No. 2D03-1880.
District Court of Appeal of Florida, Second District.
December 3, 2003.
*118 Marie Tomassi, Richard J. McIntyre, Brigid A. Smith of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, for Appellants.
David J. Murphy of Greenfelder, Mander, Murphy, Dwyer & Morris, Dade City, for Appellees.
No appearance for Appellees John W. Barco and Britton & Associates.
BARTON, JAMES M., II, Associate Judge.
The trial court entered final summary judgment in favor of Appellee Tombrink Enterprises, Inc. (Tombrink), one of three defendants in an action arising out of the purchase of Pasco County real property by Appellants Edward and Linda Rodriguez (Rodriguezes). We affirm the final summary judgment entered on the Rodriguezes' claim for breach of an oral contract but reverse as to the claim for fraudulent inducement.
In this dispute, Tombrink, the owner, listed the property with a realty company, Britton & Associates, whose employee John Barco (Barco) showed the property to the Rodriguezes.[1] The Rodriguezes indicated to Barco that they were seeking vacant land on which to build their home and emphasized that they were only interested in purchasing property where development of adjacent parcels would not permit mobile or manufactured homes. In showing the Tombrink property to the Rodriguezes, Barco, according to Mrs. Rodriguez' affidavit, stated that Tombrink did not plan to allow mobile or manufactured homes on the surrounding property which Tombrink also owned.
The Rodriguezes purchased a thirteen acre parcel from Tombrink. The sales contract includes deed restrictions which preclude mobile or manufactured homes. Thereafter, Tombrink sold forty-five acres of its property adjoining the Rodriguez parcel to another individual without the restrictions regarding mobile or manufactured homes. The purchaser of the adjoining property plans to allow mobile homes.
In their complaint, the Rodriguezes asserted breach of an oral agreement by Tombrink based on the oral promises of its agent, Barco, concerning the use and restrictions governing the adjacent parcels of *119 real estate owned by Tombrink. In a separate count, the Rodriguezes sued Marco and Britton & Associates for misrepresentation.
After the trial court granted Tombrink's motion for summary judgment as to the claim for breach of an oral contract, the Rodriguezes were allowed to amend their complaint to add Tombrink as a defendant on their misrepresentation claim. The successor trial judge granted Tombrink's motion for summary judgment as to the misrepresentation theory and dismissed Tombrink from the case. The Rodriguezes timely challenge in this appeal the trial court's rulings on their breach of contract and misrepresentation claims.

STANDARD OF REVIEW
We review the orders of the trial court granting motions for summary judgment de novo. Howard v. Savitsky, 813 So.2d 978 (Fla. 2d DCA 2002). In evaluating the record, we, like the trial court, must construe the facts in the light most favorable to the Rodriguezes, the non-moving party. Castellano v. Raynor, 725 So.2d 1197 (Fla. 2d DCA 1999). The facts must be so clear and undisputed that only questions of law remain. Carter v. Brown & Williamson Tobacco Corp., 778 So.2d 932 (Fla.2000). Tombrink, the moving party, must demonstrate that it is entitled to entry of judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000).

BREACH OF ORAL CONTRACT
The trial court correctly entered summary judgment on the Rodriguezes' breach of contract claim. The final written contract between the Rodriguezes and Tombrink contains a so-called integration clause.[2] The purported oral agreement alleged by the Rodriguezes concerning Tombrink's agreement to prohibit mobile and manufactured homes on adjoining property merged into the final written agreement. Titusville Assocs., Ltd. v. Barnett Banks Trust Co., 591 So.2d 609 (Fla.1991). Thus, the Rodriguezes may not enforce the oral contract alleged in the original complaint.

MISREPRESENTATION
The law requires a different result on the Rodriguezes' misrepresentation claim against Tombrink. The existence of an integration clause does not bar a claim for fraudulent misrepresentation. Mejia v. Jurich, 781 So.2d 1175 (Fla. 3d DCA 2001). We agree with the conclusion of the Third District Court of Appeal in the Mejia opinion that an integration clause "does not affect oral representations which are alleged to have fraudulently induced a person to enter into the agreement." Id. at 1178.
Tombrink argues that the record conclusively establishes that its agent Barco had no authority to misrepresent its intentions regarding adjoining property.
*120 We disagree. In a case involving the authority of a real estate agent, the owner of real estate is responsible for his agent's unauthorized representations, if true representations as to the same matter were within the agent's authority, and if the buyer had no notice that the representations were unauthorized. Outlaw v. McMichael, 397 So.2d 1009, 1010 (Fla. 1st DCA 1981).
The elements of both actual and apparent agency are set forth in Ilgen v. Henderson Properties, Inc., 683 So.2d 513 (Fla. 2d DCA 1996).[3] Normally, the existence and scope of an agency relationship are questions of fact for the jury. Moore v. River Ranch, Inc., 642 So.2d 642 (Fla. 2d DCA 1994). The record in the instant case reflects issues as to the scope of Barco's authority as Tombrink's agent.

CONCLUSION
The order granting the motion for summary judgment as to breach of oral contract against Tombrink is affirmed; the final judgment on the Rodriguezes' claim for misrepresentation against Tombrink is reversed, and the cause is remanded for trial.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] The Rodriguezes named both Barco and Britton & Associates as defendants in their initial complaint. The claims against Barco and Britton & Associates remain pending and are not involved in this appeal.
[2] COMPLETE AGREEMENT: This Contract is the entire agreement between the Buyer and Seller, except for brokerage agreements, no prior or present agreements will bind Buyer, Seller or Broker unless incorporated into this Contract. Modifications of this Contract will not be binding unless in writing, signed and delivered by the party to be bound. Signatures, initials, documents referenced in this Contract, Counterparts and written modifications communicated electronically or on paper will be acceptable for all purposes, including delivery, and will be binding. Handwritten or typewritten terms inserted in or attached to this Contract prevail over preprinted terms. If any provision of this Contract is or becomes invalid or unenforceable, all remaining provisions will continue to be fully effective. This Contract will not be recorded in any public records.
[3] The elements of actual agency are:

1. acknowledgment by the principal that the agent will act for him;
2. acceptance of the undertaking by the principal; and
3. control by the principal over the actions of the agent.
Apparent agency requires proof of:
1. representation by the purported principal;
2. reliance on that representation by a third party; and
3. a change in position by the third party in reliance upon such representation.