*182
 
 MARSTILLER, J.
 

 James M. Smith was an employee of the Florida State Hospital in Chatahoochee when he suffered a fatal heart attack at work after intervening in a violent physical confrontation between an inmate and a coworker and was himself beaten, kicked, and choked by the inmate. At the time of his death, Mr. Smith was a unit training rehabilitation specialist in the hospital’s forensic unit which houses people deemed incompetent to stand trial or found not guilty by reason of insanity. Mr. Smith’s estate (“Estate”) filed a wrongful death lawsuit against the Department of Children and Families (“Department”), which operates Florida State Hospital. The complaint alleged the Department had engaged in conduct that is virtually certain to cause injury or death to an employee. We affirm the trial court’s Order of Dismissal finding the lawsuit barred by sovereign immunity.
 

 In its complaint, the Estate alleged that injury to or death of an employee in the hospital’s forensic unit was foreseeable to the Department and “virtually certain to occur.” It further alleged that inmates in the forensic unit “tend to be physically violent, aggressive, unpredictable and receive psychiatric treatment via psychotropic medication,” and that inmates had attacked employees numerous times in the years just prior to Mr. Smith’s death. But the Department “concealed and failed to disclose” the criminal and violent background of the particular inmate who injured Mr. Smith. Consequently, Mr. Smith was unaware of the risk of danger as to the inmate and was unable to exercise informed judgment as to whether to perform his assigned duties.
 

 The allegations closely tracked the language in section 440.11(l)(b), Florida Statutes (2006), which contains an exception to the requirement that workers’ compensation be the exclusive remedy for work-related injury or death. An employer is liable for an intentional tort causing the injury or death of an employee if it is proven by clear and convincing evidence that:
 

 The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.
 

 § 440.11(l)(b)2., Fla. Stat. (2006).
 

 The Estate argues the trial court erred when it found the language in the complaint tantamount to an allegation of wanton and willful disregard for Mr. Smith’s safety, conduct for which, under section 768.28(9)(a), Florida Statutes, the state has not waived sovereign immunity. We find the lower court’s ruling correct under
 
 Elliott v. Dugger,
 
 579 So.2d 827 (Fla. 1st DCA 1991). There, we stated that even if, as provided by section 440.11(l)(b), a complaint alleges conduct by a public employer which is virtually certain to cause injury or death, the “suit would be barred by section 768.28(9)(a), which makes the state immune from suit for acts of employees committed in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.”
 
 Id.
 
 at 830-31. Unfortunately, this ease, like
 
 Dugger,
 
 is one in which the provisions of sections 440.11(1) and 768.28(9)(a) conflict, and when that occurs “it is the provisions of section 768.28(9)(a) which control.”
 
 Id.
 
 at 831 (citing
 
 McClel
 
 
 *183
 

 land v. Cool,
 
 547 So.2d 975, 976 (Fla. 2d DCA 1989)).
 

 AFFIRMED.
 

 DAVIS and BENTON, JJ., concur.