435 So.2d 908 (1983)
Charles JOHNSON, Appellant,
v.
COMET STEEL ERECTION, INC., and Reliance Insurance Company, Appellees.
No. 81-2179.
District Court of Appeal of Florida, Third District.
July 19, 1983.
Rehearing Denied August 24, 1983.
*909 Mark J. Feldman, Miami, for appellant.
Paxton, Crow, Bragg & Austin and David Crow, West Palm Beach, for appellees.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Where appellant, an employee of the general contractor, was injured as a result of the ordinary negligence of the subcontractor's employee[1] while both were employed on-site in the same construction project, the fact that appellant was a common laborer for the general contractor and the tortfeasor was a welder for the subcontractor did not make their work "unrelated"[2] so that the immunity enjoyed by the subcontractor from suit by an employee of the general contractor would be inapplicable. While there is no direct precedent for determining what is related work under Section 440.11, Florida Statute (1981), several prior cases indicate the broad scope of immunity afforded a subcontractor for injuries to an employee of a general contractor. See Motchkavitz v. L.C. Boggs Industries, Inc., 407 So.2d 910 (Fla. 1981); Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690 (1940); Williams v. Corbett Cranes, Inc., 396 So.2d 811 (Fla. 5th DCA 1981); Aderhold v. Blair Contracting Company, Inc., 350 So.2d 550 (Fla. 1st DCA 1977); Mack v. Cook & Pruitt Masonry, Inc., 186 So.2d 831 (Fla. 3d DCA 1966).
Affirmed.
NOTES
[1] Appellant concedes that the subcontractor is an employee of the general contractor so as to render applicable the fellow servant rule of Section 440.11, Florida Statute (1981). The sole issue on appeal is whether the subcontractor's work is related to the work of the general contractor's employee.
[2] Parts of the applicable statutes relied upon by appellant provide:

440.10 Liability for compensation. 
In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors ... shall be deemed to be employed in one and the same business or establishment; and the contractor shall be liable for, and shall secure, the payment of compensation to all such employees... .
440.11 Exclusiveness of liability. 
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to ... the employee.... The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable ... when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment. [emphasis supplied].