STONE, Judge.
The plaintiffs appeal a final judgment in favor of the defendant city in an action for malicious prosecution, false arrest, and violation of civil rights.
Appellant asserts that the waiver of sovereign immunity statute, section 768.-28(9)(a), Florida Statutes (1985), is unconstitutional to the extent that it shields the city from liability for malicious prosecution. The action arose out of a disturbance involving the plaintiffs and the police which resulted in arrests and subsequent acquittals. The trial court dismissed the malicious prosecution claims against the city, which were founded on allegations of malice on the part of the police officers. The jury subsequently found in favor of the city on the false arrest count, and in favor of the officers on the malicious prosecution charge; the court then directed a verdict in favor of the city on the civil rights claims.
The constitutionality of section 768.-28 has previously been upheld in an exhaustive analysis. Cauley v. City of Jacksonville, 403 So.2d 379 (Fla.1981). See also White v. Hillsborough County Hospital Authority, 448 So.2d 2 (Fla. 2d DCA), dismissed, 443 So.2d 981 (Fla.1983). Nevertheless, appellants assert, citing City of Miami v. Simpson, 172 So.2d 435 (Fla.1965), and Clayton v. City of Cape Canaveral, 354 So.2d 147 (Fla. 4th DCA 1978), that the application of the restrictions of the statute to malicious prosecution claims against the city deprives them of a common law right without substituting an alternative. See Kluger v. White, 281 So.2d 1 (Fla.1973); City of Coconut Creek v. Fowler, 474 So.2d 820 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 596 (Fla.1986).
We find no basis in appellants’ argument to deviate from the clear reasoning in Cauley v. City of Jacksonville. Additionally, plaintiffs have failed to show that they would have had a right to bring this action prior to adoption of the declaration of rights in the Florida Constitution. In any event, section 768.28(9)(a) does not abolish causes of action. Rather, the statute reasonably arranges and restricts the classes of potential defendants based on the nature of the claims as part of an overall statutory scheme. See Cauley v. City of Jacksonville; White v. Hillsborough County Hospital Authority; Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA), rev. denied, 411 So.2d 383 (Fla.1981). Here, the plaintiffs have a cause of action for malicious acts against the officers rather than the city.
*1375 We also find no merit in appellants’ claim that the statute is unconstitutional as a denial of equal protection. The legislature has the discretion to place limits and conditions upon the scope of the sovereign immunity waiver. See Cauley v. City of Jacksonville; Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985); Jetton v. Jacksonville Electric Authority.
Additionally, we are satisfied from a review of the record that appellants were not precluded, by the court’s order on the malicious prosecution claims, from alleging malicious acts in their action against the city under 42 U.S.C. § 1983. The other issues raised by appellant on the civil rights claims are also without merit. See City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); City of Los Angeles v. Heller, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
Therefore, the final judgment is affirmed.
HERSEY, C.J., and ANSTEAD, J., concur.