582 So.2d 5 (1991)
STATE of Florida, DEPARTMENT OF CORRECTIONS, Appellant,
v.
Patricia Derban KOCH, individually, as Personal Representative of the Estate of Robert Graham Koch, Deceased, and As Natural Parent and Guardian of Travis Derban Koch, and Robert Graham Koch, II, Minors, and Next Friend of Tiffany Colleen Koch, Appellee.
No. 90-1705.
District Court of Appeal of Florida, First District.
May 3, 1991.
Rehearing Denied August 8, 1991.
*6 R. William Roland and Mary L. Wakeman, of McConnaughhay, Roland, Maida, Cherr & McCranie, Tallahassee, for appellant.
Ronald W. Brooks, of Brooks & LeBoeuf, Tallahassee, for appellee.
Thomas M. Ervin, Jr., Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for amicus curiae The Academy of Florida Trial Lawyers.
CAWTHON, Senior Judge.
The State of Florida, Department of Corrections (DOC), appeals a final order granting a motion for partial summary judgment which holds DOC liable for the negligence of its employee who fatally struck an employee of the Department of Transportation (DOT) in an automobile accident.[1] DOC contends that it is immune from suit based on the exclusive remedy provision of § 440.11, Florida Statutes, and the sovereign immunity provision in § 768.28(9)(a), Florida Statutes. Appellees, the survivors of the fatally injured DOT employee, contend that the workers' compensation exclusivity provision is not applicable because the DOT and DOC are two different employers. They argue in the alternative that even if the workers' compensation act were applicable, the instant case would fall within the unrelated works exception to coemployee immunity pursuant to § 440.11(1), Fla. Stat.
We affirm the trial court's order holding DOC liable. We find that the workers' compensation act is applicable based on § 440.02(12), Florida Statutes (1987),[2] which defines "employer" as "the state and all political subdivisions thereof... ." Although the victim worked for DOT, while the negligent employee worked for DOC, both were employees of the state and were therefore coemployees pursuant to the workers' compensation act. The state, not *7 the agency, is the employer for purposes of the workers' compensation act.
Although the workers' compensation act is applicable, the present case falls within the unrelated works exception to the workers' compensation exclusive remedy provision. Section 440.11(1), Florida Statutes (1987), provides:
The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer... . The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works with private or public employment. (e.s)
In the present case, neither party disputes that, pursuant to the workers' compensation act, victim Koch and DOC employee Tyre were coemployees "assigned primarily to unrelated works." The DOC argues that the unrelated works exception was abolished by § 768.28(9)(a), Florida Statutes, the sovereign immunity provision. Appellant relies on McClelland v. Cool, 547 So.2d 975 (Fla. 2d DCA 1989), which found conflict between the two statutes. However, that conflict was on the issue of whether a public employee could be sued personally for gross negligence. The court found that § 768.28(9) controlled and that a public employee could not be personally sued for gross negligence. The issue in McClelland is not before us in the present case. The McClelland court did not discuss whether the state could be held liable for a coemployee's negligence.
We find the sovereign immunity statute does not abolish the common law right of recovery upon which the unrelated works exception to the workers' compensation act is based. Section 768.28(9), Florida Statutes, transferred the employee's liability to the state. Section 768.28(9) provides, in part:
No officer, employee or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety, or property... . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee or agent of the state or any of its subdivisions ... shall be by action against the government entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
We find no legislative intent in § 768.28(9), Florida Statutes, to abolish causes of action against a negligent coworker. The right of an employee to sue a coemployee for injury caused by that coemployee's negligence was in existence as part of the law of Florida in 1968, and was one of the rights of access and remedy encompassed by Article I, Section 21, of the Florida Constitution. See Kluger v. White, 281 So.2d 1 (Fla. 1973); Smith v. Dep't of Ins., 507 So.2d 1080, 1087-1089 (Fla. 1987) (the legislature is without power to abolish *8 common law rights predating Article I, Section 21, without providing a reasonable alternative to protect the rights of the people of the state to redress for injuries).
In 1978, the Florida Legislature amended section 440.11(1), Florida Statutes, and limited this common law right by extending the employer's immunity from suit to employees, except in cases involving intentional torts, gross negligence, or situations in which coemployees are engaged in unrelated work. Ch. 78-300, § 2, Laws of Fla. This limited abolishment of coemployees' common law cause of action for negligence was held constitutional in Iglesia v. Floran, 394 So.2d 994 (Fla. 1981). The Court in Iglesia reasoned that the amendment did not abolish the right to sue but merely changed the degree of negligence necessary to maintain an action. Section 768.28(9)(a), Florida Statutes likewise places further limitations on the circumstances under which a state employee may recover for injuries caused by another employee. Although the instant appellant contends that section 768.28(9), Florida Statutes has completely abolished the right of recovery for the negligence of a coemployee engaged in unrelated work, the legislature could not have intended to abolish that right of recovery without providing an adequate alternative remedy.
Moreover, several courts have examined the constitutionality and scope of § 768.28(9), Florida Statutes, and have found that § 768.28(9) did not abolish the right of an injured person to sue and recover based on the liability of a negligent employee; it merely required that the action be maintained against the public employer as the sole, substitute defendant. White v. Hillsborough County Hospital Authority, 448 So.2d 2, 3 (Fla. 2d DCA 1983); Bryant v. Duval County Hospital Authority, 459 So.2d 1154, 1155 (Fla. 1st DCA 1984). In White v. Hillsborough County Hospital Authority, supra at 3, the court specifically stated that with regard to a state employee's simple negligence, the injured person's "cause of action has not been destroyed but has been converted to an action against a state agency." The court found the legislature merely substituted the state and its agencies, which previously could not be sued because of sovereign immunity, for the individual who could be sued. Id. See also Campbell v. City of Coral Springs, 538 So.2d 1373, 1374 (Fla. 4th DCA 1989) ("section 768.28(9)(a) does not abolish causes of action. Rather, the statute reasonably arranges and restricts the classes of potential defendants based on the nature of the claims as part of an overall statutory scheme").
In the instant case, the trial court's order granting plaintiff's motion for partial summary judgment held DOC liable for the negligence of its employee. Appellees had a cause of action based on the unrelated works exception to the workers' compensation exclusivity provision, and the court properly transferred liability from the employee to the state in accordance with § 768.28, Florida Statutes. Accordingly, we affirm the trial court's order granting plaintiff's motion for partial summary judgment.
JOANOS and ZEHMER, JJ., concur.
NOTES
[1] On the morning of March 10, 1988, DOC employee Kenneth Warren Tyre picked up a truck at DOT's maintenance yard to transport inmates who were working on state roads pursuant to a contract between DOT and DOC. As Tyre was leaving, he steered the vehicle to the left of the center line and fatally struck Robert Graham Koch, a DOT employee who was crossing the street on his way to work.
[2] Renumbered § 440.02(13), Fla. Stat. (1989).