731 So.2d 19 (1999)
DADE COUNTY SCHOOL BOARD, Appellant,
v.
Ronald LAING, Appellee.
No. 98-935.
District Court of Appeal of Florida, Third District.
February 17, 1999.
Peters, Robertson, Parsons, Welcher, Mowers, & Passaro, and Geralyn M. Passaro, Fort Lauderdale, for appellant.
Barbara Green, for appellee.
Before SCHWARTZ, C.J., and GERSTEN, and FLETCHER, JJ.
GERSTEN, J.
Appellant, Dade County School Board ("School Board"), appeals an order denying its motion for summary judgment. We reverse finding the School Board is entitled to immunity as a matter of law under the workers' compensation immunity doctrine.
*20 Appellee, Ronald Laing ("Laing"), filed a personal injury lawsuit against the School Board seeking damages for an incident that occurred while he was working as a teacher at Hialeah High School. Laing was leaving a classroom when he was hit by a golf cart operated by a school custodian, Jose Rodriguez ("Rodriguez"). At this high school, custodians and security guards use golf carts to travel across the school grounds.
The School Board moved for summary judgment asserting workers' compensation immunity because Laing had accepted workers compensation benefits and therefore was precluded from asserting a tort claim against his employer. See § 440.11, Fla. Stat. (1997). The trial court denied the School Board's motion finding that the "unrelated works" exception in Section 440.11(1), Florida Statutes (1997), applied thus allowing Laing to sue the School Board for his injuries.
Section 440.11(1) provides an exception to workers' compensation immunity when employees are "operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment." § 440.11(1), Fla. Stat. (1997). Laing argues that, because his profession as a teacher and Rodriguez' profession as a custodian are "unrelated," the exception applies to abrogate the School Board's immunity. We disagree.
The fact that employees have different duties does not necessarily mean they are involved in "unrelated works." See Johnson v. Comet Steel Erection, Inc., 435 So.2d 908 (Fla. 3d DCA 1983). The pertinent factor is whether the co-employees are involved in different projects. Thus, the focus is upon the nature of the project involved, as opposed to the specific work skills of individual employees. See Vause v. Bay Medical Center, 687 So.2d 258 (Fla. 1st DCA 1996), review denied 695 So.2d 703 (Fla.1997); Abraham v. Dzafic, 666 So.2d 232 (Fla. 2d DCA 1995).
Here, Rodriguez and Laing were both working on the same project, in the sense that they were co-employees providing education related services to students at Hialeah High School. Although each individually were assigned different duties and had different work skills, Laing in his capacity as a teacher and Rodriguez in the capacity of custodian, both were involved as part of a team in promoting education at the school campus. Because both were engaged in activities primarily related to the provision of education related services, the "unrelated works" exception to the School Board's immunity under Section 440.11(1) does not apply. See Johnson v. Comet Steel Erection, Inc., 435 So.2d at 908.
Accordingly, the order below is reversed with instructions to enter summary judgment in favor of the School Board.
Reversed and remanded with instructions.