734 So.2d 1095 (1999)
Joseph LOPEZ, Appellant,
v.
John VILCHES, Miguel Brito, and Darryl Kelly, Appellees.
No. 97-04465.
District Court of Appeal of Florida, Second District.
April 16, 1999.
Rehearing Denied June 23, 1999.
*1096 Rodric T. Brooker of Law Offices of Rod Brooker, P.A., Tampa, for Appellant.
Thomas M. Hoeler, Glenn M. Burton, and Mindy P. Brostoff of Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for Appellees.
BLUE, Acting Chief Judge.
Joseph Lopez challenges the trial court's entry of a final summary judgment, terminating his damage claim against three fellow employees. The trial court found the claim was barred by workers' compensation immunity. Lopez asserts his claim should be allowed to proceed based on the "unrelated works" exception to workers' compensation immunity. Because we conclude the undisputed facts do not preclude the unrelated works exception to workers' compensation immunity, we reverse the summary judgment and remand for further proceedings.
The complicated facts involve at least four interrelated business entities that operate cemeteries and funeral homes. The Defendants below are responsible for the maintenance of a fleet of vehicles used by these business entities. Lopez was employed by one of the funeral homes, which was geographically separated from the location where the Defendants performed their duties. Part of Lopez's duties at the funeral home required that he drive vehicles from the fleet maintained by the Defendants. Lopez alleges that while driving one of the vehicles it malfunctioned, resulting in injuries. He alleges the injuries he sustained were the result of negligent maintenance by the Defendants.
Section 440.11(1), Florida Statutes (1993), provides, with few exceptions, that workers' compensation is the exclusive remedy for an employee injured on the job. This exclusive remedy extends to claims against fellow employees. However, the legislature has created a unique exception to this immunity for "employees of the same employer when each is operating in furtherance of the employer's business but they are assigned primarily to unrelated works." § 440.11(1). Lopez contends that this exception is applicable in the present case.
We start first with the observation that the legislature failed to define "unrelated works" and the cases applying this exception to immunity have addressed the issue factually without attempting to fashion a broad standard. The cases clearly state that the exception does not turn on whether the employees were engaged in similar work. See Abraham v. Dzafic, 666 So.2d 232 (Fla. 2d DCA 1995) (concluding that although the work skills of a painter and a lighting technician may have been unrelated, immunity applied when both employees worked on same construction project); Lake v. Ramsay, 566 So.2d 845 (Fla. 4th DCA 1990) (recognizing vast difference between maintenance duties and construction supervision; reversing summary judgment because both employees could have been involved in same construction job; remanding for further proceedings to determine whether immunity applied).
Interestingly, the legislature used the plural form, "works," rather than the singular form. Among its several definitions, "works" has been defined as "[a] factory, plant, or similar building or system of buildings where a specific type of business or industry is carried on." American Heritage Dictionary of the English Language 1474 (1973). In several cases, the First District found the exception inapplicable where the employees were all engaged in a single type of business. See Turner v. PCR, Inc., 23 Fla. L. Weekly D2474, 2476, 732 So.2d 342, 344 (Fla. 1st DCA 1998) (affirming summary judgment based on immunity when both employees had "different duties as related to the same project") (quoting trial court's finding) (internal quotation marks omitted); Vause v. Bay Med. Ctr., 687 So.2d 258 (Fla. 1st DCA 1996) (holding that immunity applied because nurse, hospital administrator, and *1097 other defendants were all assigned duties related to the "provision of health care to patients of the medical center" although they performed disparate duties in that regard).[1] This reasoning does not appear consistent with the First District's earlier conclusion, affirmed by the Florida Supreme Court, that a custodian and school bus driver, both School Board employees, were engaged in unrelated works. See Holmes County School Bd. v. Duffell, 630 So.2d 639 (Fla. 1st DCA 1994), affirmed, 651 So.2d 1176 (Fla.1995). But, as noted by the supreme court, the application of the unrelated works exception was not disputed on appeal. See 651 So.2d at 1177 n. 1.
Alternatively, these cases might be reconciled by applying a test based on the physical location where the employees were primarily assigned and the unity of their business purpose. In Vause and Turner, the employees worked together at a single plant or system of buildings, carrying on a specific type of business. In Lake, summary judgment was reversed based in part on the question of fact as to whether the injured maintenance employee was working on the construction site prior to completion, i.e., while the construction supervisor was also working on the site, or whether the maintenance work began post-construction. In Holmes County School Board, the custodian's primary assignment would logically locate him in the school buildings, while the bus driver's duties would primarily place him on the bus.
In looking for common and distinguishing elements in these cases, we can only point out the difficulty of applying the unrelated works exception and the differing results that have occurred in its case-by-case application. In analyzing the case before us, we have similarly addressed the issue factually and, in the context of summary judgment, conclude that it must be reversed. We point out that if the legislature has disagreement with the factual assessments of unrelated works, as demonstrated in the cases cited herein, it should take the matter under review.
We conclude that the pleadings and facts developed through discovery do not foreclose that Lopez and the Defendants were engaged in unrelated works so that workers' compensation would be the exclusive remedy as a matter of law. The physical location of their work appears to be separate and their specific purpose, general funeral home duties versus vehicle maintenance, appear distinct. In addition to the analysis of the cases cited above, we find further support for this conclusion in State, Department of Corrections v. Koch, 582 So.2d 5 (Fla. 1st DCA 1991). In Koch, a Department of Corrections (DOC) employee picked up a truck from the Department of Transportation's (DOT) maintenance yard. While leaving, he struck a DOT employee who was arriving to work. The court first concluded that the men were co-employees under the workers' compensation statute. The court then noted that neither party disputed that the employees were assigned to "unrelated works." Koch presents something of an analogy to the present case. In our case, Lopez, the injured employee, used a vehicle maintained by an apparently separate division of the same employer, where the allegedly negligent employees worked. In Koch, the DOC employee, the allegedly negligent employee, used a vehicle maintained by a separate division of the State, where the injured employee worked.
*1098 Because the undisputed facts do not preclude a determination that Lopez and the Defendants were primarily assigned to unrelated works, the trial court erred in finding that workers' compensation was the exclusive remedy as a matter of law. Summary judgment was therefore inappropriate. Accordingly, we reverse and remand for further proceedings.
WHATLEY, J., concurs.
QUINCE, PEGGY A., Associate Judge, dissents with opinion.
QUINCE, PEGGY A., Associate Judge, Dissenting.
I disagree and would affirm the trial court's determination that the unrelated works exception to the exclusivity of workers' compensation benefits is not applicable to this situation. Lopez, Vilches, Brito and Kelly work for the same employer. All of them have some duties related to the van in question. Lopez drives the van to facilitate the moving of flowers from the chapel to the cemetery. The other employees use the van in their duties of maintaining and repairing the vehicles owned or leased by the employer. Under these circumstances, it cannot be said that the co-employees are engaged in unrelated works. See Abraham v. Dzafic, 666 So.2d 232 (Fla. 2d DCA 1995).
NOTES
[1] Judge Miner focused on whether the employees' primary work assignments were substantially similar. See Vause v. Bay Med. Ctr., 687 So.2d 258, 267 (Fla. 1st DCA 1996) (Miner, J., concurring in part, dissenting in part). He suggested that the legislative purpose for the exception could have been "to remove workers' compensation immunity as a disincentive to employers assigning employees, primarily assigned to full-time duties in a particular area of employment, occasional, non-routine duties because of a legislative assumption that the danger of injury might be increased if workers were expected to perform such tasks on a relatively infrequent basis." 687 So.2d at 267.