767 So.2d 551 (2000)
SCHOOL BOARD OF BROWARD COUNTY, Appellant,
v.
Pierre Richard VICTORIN, Appellee.
No. 4D00-1201.
District Court of Appeal of Florida, Fourth District.
August 23, 2000.
Rehearing Denied September 27, 2000.
*552 Robert C. Buschel and Raymond G. Ferrero, III of Ferrero Buschel Carter Schwartzreich & Yates, Fort Lauderdale, for appellant.
Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, for appellee.
POLEN, J.
The School Board of Broward County ("School Board") appeals from a nonfinal order denying its motion for summary judgment on whether it was entitled to worker's compensation immunity. We hold that the instant case does not fall within the unrelated works exception to co-employee immunity pursuant to section 440.11(1), Florida Statutes (1997), and, therefore, reverse.
Pierre Richard Victorin, a bus driver employed by the School Board, claimed he received injuries when Renee Marie Golden, also a bus driver employed by the School Board, drove her school bus into his. Victorin received worker's compensation benefits from the School Board for injuries arising from this accident. He then filed a common-law negligence suit against the School Board based on the negligence of Golden.
The School Board, arguing it was immune from suit pursuant to section 440.11, filed a motion for summary judgment. Victorin opposed the motion by arguing that he and Golden were assigned primarily to "unrelated works." He argued that he and Golden were not really co-workers because they worked out of different bus depots and had different areas where they dropped off the school children.[1] The School Board argued that both employees had the same mission, and the fact that one employee was driving children to one part of town and the other to another part of town did not mean they were assigned primarily to unrelated works. The court ruled that because the employees were driving different buses from different depots, the co-employee exception to the workers' compensation immunity statute did not apply and, thus, denied the motion. This appeal followed.
The Florida Workers' Compensation Act provides for the payment of compensation benefits whenever disability or death results from an injury arising out of and in the course of employment. § 440.01 et seq., Fla. Stat. Section 440.11(1) provides that compensation under the act is the exclusive remedy available to such an employee. Section 440.11(1) further provides,
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment. ... *553 § 440.11(1), Fla. Stat. (1997)(emphasis supplied). The statute does not define what the term "assigned primarily to unrelated works" means.
The first case addressing the concept of "unrelated works" was Johnson v. Comet Steel Erection, Inc., 435 So.2d 908 (Fla. 3d DCA 1983). In that case, the appellant, an employee of the general contractor, was injured as a result of the ordinary negligence of the subcontractor's employee while both were employed on-site on the same construction project. The third district held that the fact that appellant was a common laborer for the general contractor and the tortfeasor was a welder for the subcontractor did not make their work "unrelated" within the meaning of section 440.11(1). Therefore, it held that the subcontractor was immune from suit. Id. at 909.
Later, in Lake v. Ramsay, 566 So.2d 845 (Fla. 4th DCA 1990), this court reversed summary judgment entered in favor of the co-employee under section 440.11(1). Before doing so, we addressed whether a maintenance worker and a construction supervisor working for the same employer were assigned primarily to unrelated works. While we noted that both types of work could be involved in the same construction job, because certain facts were disputed, we remanded the case for further proceedings. Id. at 848.
In Abraham v. Dzafic, 666 So.2d 232 (Fla. 2d DCA 1995), the second district followed the reasoning in Johnson in holding that the co-employee immunity provisions applied to bar the subject suit. Although one of the employees was a painter and the other was a fluorescent lighting technician, they were both employees of the same contractor working on the same construction site. Therefore, the court held that while their work skills may have been "unrelated," their work was not. Id. at 233.
Thereafter, in Vause v. Bay Medical Center, 687 So.2d 258 (Fla. 1st DCA 1996), review denied, 695 So.2d 703 (Fla.1997), the suit involved a nurse, who worked primarily in medical center's obstetrics department but was also assigned to work on regular part-time basis in the center's hyperbaric center, who died as the result of the alleged negligence of her fellow employees in the hyperbaric center. The first district held that the co-employee immunity provisions applied because at the time of her injury the nurse was engaged in activity related to her primary assignment, the provision of health care to patients. Id. at 263.
The third district, in Dade County School Board v. Laing, 731 So.2d 19 (Fla. 3d DCA 1999), followed the reasoning in Vause. In that case, the plaintiff, a teacher who was hit when leaving a classroom by a golf cart operated by a school custodian, sued the School Board based on the injuries she sustained. The School Board moved for summary judgment on the ground that it was immune from suit, but the court denied the motion based on the "unrelated works" exception. On appeal, the court reversed. It reasoned that because the teacher and custodian were co-employees undertaking education-related services for students at school when the accident occurred, they were both part of a team. As a result, it held they were not engaged in "unrelated works" and, therefore, the School Board was immune from the teacher's suit. Id. at 20 (citations omitted).
However, the second district in Lopez v. Vilches, 734 So.2d 1095 (Fla. 2d DCA), review denied, 749 So.2d 504 (Fla.1999), applied a different analysis. In that case, Lopez, a funeral home employee, sued three other employees who maintained the fleet of funeral home vehicles, to recover damages for injuries sustained when he drove a funeral home vehicle. The trial court found that his claim was barred by workers' compensation immunity and entered a final summary judgment against him. On appeal, the second district reversed, holding that the subject "unrelated works" exception applied. While it expressed *554 its frustration at the legislature's failure to define "unrelated works," the court decided to apply a bright-line test based on the physical location where the employees were primarily assigned and the unity of their business purpose. In that regard, it distinguished Vause and other cases[2] on the ground that the fellow employees and the plaintiffs there were all engaged in a single type of business. Because the physical location of Lopez and the defendant employees' work was separate and their specific purpose (general funeral home duties versus vehicle maintenance) was distinct, it held that Lopez's complaint was not barred by the co-employee provisions of workers' compensation immunity. Id. at 1097.
While Lopez and Laing applied different analyses to reach their results, we believe that both of those cases would support reversal in the instant case. Both Victorin and Golden were bus drivers for the School Board; they both drove buses in Broward County on Interstate 95; and the purpose of both their jobs was to transport school children. Whether we apply Lopez's bright-line physical location/business purpose test, or Laing's case-by-case approach, it is clear that Victorin and Golden were assigned primarily to related works. While we share in Lopez's frustration as to the legislature's failure to define this term of art, we hold the undisputed facts in the instant case fall squarely within the co-employee immunity provisions of the Workers' Compensation Act.
REVERSED and REMANDED for entry of summary judgment in favor of the School Board.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] Both routes took them to Interstate 95, where this collision occurred.
[2] It did not distinguish, let alone mention, the third district's holding in Laing.