784 So.2d 1172 (2001)
Caridad SANCHEZ, et al., Appellants,
v.
DADE COUNTY SCHOOL BOARD, etc., Appellee.
No. 3D00-1718.
District Court of Appeal of Florida, Third District.
March 28, 2001.
Rehearing Denied May 30, 2001.
Jack L. Herskowitz, and Jon Herskowitz, Miami; and Dorothy F. Easley, Coral Gables, for appellants.
Pyszka, Blackmon, Levy & Mowers, Miami Lakes, and Cindy J. Mishcon, for appellee.
Before LEVY, GREEN, and RAMIREZ, JJ.
Rehearing En Banc Denied May 30, 2001.
PER CURIAM.
Caridad Sanchez, a middle school teacher, sued the Dade County School Board for negligence after she was sexually assaulted and beaten during her lunch period by a trespasser in the teachers' parking lot. The trial court granted summary judgment in favor of the School Board based on its workers' compensation *1173 immunity. We agree that by accepting workers' compensation benefits, Sanchez was precluded from asserting a tort claim against her employer. See § 440.11, Fla. Stat. (1999). We recently held in Dade County Sch. Bd. v. Laing, 731 So.2d 19 (Fla. 3d DCA 1999) that the "unrelated works" exception to workers' compensation immunity did not apply between a teacher and a custodian. "The fact that employees have different duties does not necessarily mean they are involved in `unrelated works.'... Because both were engaged in activities primarily related to the provision of education related services, the `unrelated works' exception to the School Board's immunity under Section 440.11(1) does not apply." Id. at 20. We see no distinction between the teacher-custodian relationship in Laing and the teacher-security personnel relationship in this case.
We therefore affirm.