790 So.2d 1156 (2001)
Lawrence TAYLOR and Marie Taylor, Appellant,
v.
SCHOOL BOARD OF BREVARD COUNTY, Florida, Appellee.
No. 5D00-842.
District Court of Appeal of Florida, Fifth District.
July 13, 2001.
Rehearing Denied August 14, 2001.
Joseph H. Williams of Troutman, Williams, Irvin, Green & Helms, P.A., Winter Park, for Appellant.
Kelley B. Gelb of Krupnick, Campbell, Malone, Roselli, Buser, Slama, Hancock, McNelis, Liberman & McKee, P.A., Ft. Lauderdale, Amicus Curiae for Academy of Florida Trial Lawyers.
Michael H. Bowling of Bell, Leeper & Roper, P.A., Orlando, for Appellee.
THOMPSON, C.J.
Lawrence Taylor and his wife, Marie (collectively "Taylor") appeal a summary final judgment entered in favor of the School Board of Brevard County ("school board"). We affirm.
Taylor was injured in the course of his work as a bus attendant, when a wheelchair lift affixed to the bus fell on him. *1157 Two people were involved in the deployment of the lift: the bus driver, who operated the control; and Taylor, the attendant, who was stationed outside the bus to open the doors. On the day of the accident, the emergency release pin plate on the mechanism was loose because the rivets had worn off. This caused the lift to fall as soon as the doors opened.
The lock assembly on the lift was repaired some four months prior to the accident. A week before the accident, the lift was re-positioned by a school board mechanic after a complaint that the lift had "bound up." The lift was last inspected and lubricated in the shop two days before the accident. A school board mechanic testified that the rivets may have worn out due to the lift having become "bound up." He also testified that an inspection of the lock assembly should have revealed the problem.
On October 2, 1998, Taylor brought the instant action against the school board. Taylor subsequently filed a motion for partial summary judgment seeking a declaration that his work for the school board was unrelated to that performed by the school board's school bus maintenance personnel. The school board filed a cross motion for summary judgment on the ground it was immune under Florida's Worker's Compensation Law. Following a hearing on the motions the trial court denied Taylor's motion and granted the motion of the school board. A final judgment in favor of the school board was entered and Taylor appeals.
This case turns on the intended scope of the "unrelated works" exception to the immunity from suit provision in Florida's Workers' Compensation Law. §§ 440.01-440.60, Fla. Stat. (1999). Under the worker's compensation law, an employer is immune to suit for its negligence when the injured employee is covered under the chapter. Similarly, the employer is immune to suit when its employee is injured by another employee in certain instances. The Legislature has created an exception to that immunity: "fellow employee immunities shall not be applicable ... to employees of the same employer when each is operating in furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment." § 440.11, Fla. Stat.[1] The trial court granted a summary judgment in favor of the school board on the grounds that the alleged negligent employees, school board transportation department mechanics, and Taylor, a school bus attendant whose responsibilities included operation of the wheelchair lift which caused his injury, were assigned to related works. As the trial court reasoned, because both the former and the latter were employees of the school board involved in the same project, they had in common the "provision of transportation services to Brevard County school children."
It is undisputed that both Taylor and the alleged negligent mechanics worked out of the same transportation facility and that Taylor, as a part of his job, was responsible for the operation of the wheelchair *1158 lift while the mechanics, as a part of their job, were responsible for the lift's maintenance and repair. Under these circumstances, we agree with the trial court's application of the statute. See Turner v. PCR, Inc., 732 So.2d 342 (Fla. 1st DCA 1998), quashed on other grounds, 754 So.2d 683 (Fla.2000); Dade County School Bd. v. Laing, 731 So.2d 19 (Fla. 3d DCA 1999), Vause v. Bay Medical Center, 687 So.2d 258 (Fla. 1st DCA 1996), rev. denied, 695 So.2d 703 (Fla.1997), and Abraham v. Dzafic, 666 So.2d 232 (Fla. 2d DCA 1995); but see Lopez v. Vilches, 734 So.2d 1095 (Fla. 2d DCA 1999) (holding that where the plaintiff worked as a driver for a funeral home and the defendants were responsible for the maintenance of the fleet of vehicles owned by the funeral home and at least four interrelated business entities that operated other funeral homes and cemeteries as well, the unrelated works exception may apply and reversing summary judgment for the defendants), rev. denied, 749 So.2d 504 (Fla.1999).
AFFIRMED.
COBB and SAWAYA, JJ., concur.
NOTES
[1] Section 440.11(1), Florida Statutes, provides in pertinent part:

The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liabilities of such employer to any third-party tortfeasor and to the employee.... The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter.... Such fellow-employee immunities shall not be applicable ... to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment....