810 So.2d 560 (2002)
PALM BEACH COUNTY, Appellant,
v.
Kevin KELLY and Carol Kelly, his wife, Appellees.
No. 4D01-2251.
District Court of Appeal of Florida, Fourth District.
March 6, 2002.
Christopher J. DeLorenzo, Assistant County Attorney, Palm Beach County Attorney's Office, West Palm Beach, for appellant.
Randy D. Ellison and Brian D. Guralnick, West Palm Beach, for appellees.
*561 TAYLOR, J.
Palm Beach County ("County") appeals from a partial summary judgment ruling that the unrelated works exception applies to its affirmative defense of workers' compensation immunity. We affirm.
Kevin Kelly, a County employee, was driving home from work when he was allegedly struck by a motor vehicle driven by Rostant E. John, also a County employee. Kelly works as a maintenance equipment operator for the maintenance division at the Palm Beach International Airport. As part of his job, Kelly operates equipment for the airport maintenance division, including the large sweepers used to clean the airport's roadways and taxiways and the tractor mowers used to cut the airfield's grassy areas. Kelly also operates front-end loaders and dump trucks as needed. At the beginning of each day, he reports to work at 3700 Belvedere Road, Building G, which is the main office for the maintenance department.
Rostant John works as an equipment mechanic for the County's Fleet Management Division, which is located at 3700 Belvedere Road, Building D. John maintains and operates heavy equipment, such as tractors, dozers, front-end loaders, trucks, and other motor vehicles for the County. Although John is occasionally assigned to make "on the road" repairs at designated locations, his main job each day is to pick up his county truck from a shop on Belvedere and drive to the County's shell rock pit in Boca Raton. At the shell rock pit, John maintains and repairs the excavation equipment used to dig up shell rock. The shell rock is used for building and maintaining county roads.
The automobile accident at issue occurred off Belvedere Road, near the county buildings where Kelly and John report. At the time of the accident, Kelly had just finished his work shift and was on his way home in his own car.[1] John was leaving the Belvedere Road location in his service truck and was acting within the scope of his employment.
After the accident, Kelly began receiving workers' compensation benefits. He later brought a claim against the County for personal injuries resulting from the accident. Both parties filed cross motions for summary judgment on the workers' compensation immunity issue. Kelly maintained that his suit was not barred by workers' compensation immunity because the two men were involved in unrelated works. The trial court agreed and granted Kelly's motion for partial summary judgment. The County appeals this ruling.
"The Florida Workers' Compensation Act provides for the payment of compensation benefits whenever disability or death results from an injury arising out of and in the course of employment." Sch. Bd. of Broward County v. Victorin, 767 So.2d 551, 552 (Fla. 4th DCA), rev. denied, 786 So.2d 581 (Fla.2001). The act further provides that workers' compensation is the exclusive remedy, save for some legislatively created exceptions. § 440.11, Fla. Stat. (1997). Section 440.11(1) states:
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife, parents, dependents, next of kin, and anyone otherwise *562 entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow employee, that the employee assumed the risk of the employment, or that the injury was due to the comparative negligence of the employee. The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment.
. . .
(Emphasis supplied).
In Victorin, after noting that the statute does not define the phrase "assigned primarily to unrelated works," we surveyed the different approaches used by district courts in applying this concept. Our review showed two slightly different approaches: (1) a "case-by-case approach," which examines whether the co-employees were engaged in the same project and were "part of a team," see Dade County School Board v. Laing, 731 So.2d 19 (Fla. 3d DCA 1999), and (2) a "bright-line" test, based on the physical location where the employees were primarily assigned and the unity of their business purpose, see Lopez v. Vilches, 734 So.2d 1095 (Fla. 2d DCA), rev. denied, 749 So.2d 504 (Fla. 1999).
As we did in Victorin, we conclude here that both approaches yield the same result. Under either the "case-by-case" analysis or the "physical location/unity of business purpose" bright-line test, these employees were engaged in unrelated works. Kelly and John had different job duties and did not work cooperatively as a team but, rather, worked on two entirely different projects. Kelly's primary mission was the maintenance of the roads and taxi-ways at the Palm Beach International Airport. He was on a team that swept and mowed the airport grounds. John, on the other hand, performed maintenance and repair work on the County's heavy equipment, primarily excavation equipment at the shell rock pit in Boca Raton. Although they both began and ended their day at County offices in the same general location, they worked on different projects at different locations and furthered different business purposes of the County.
We conclude that the trial court correctly determined that the unrelated works exception to workers' compensation immunity applies in this case.
AFFIRMED.
SHAHOOD, J., and NELSON, DEBRA STEINBERG, Associate Judge, concur.
NOTES
[1] Pursuant to the "premises rule" of Florida's workers' compensation law, Kelly was entitled to workers' compensation benefits even though he was "off the clock," since the motor vehicle accident occurred on a street that was located within the airport premises. See Sec. Bureau v. Alvarez, 654 So.2d 1024 (Fla. 1st DCA 1995).