840 So.2d 460 (2003)
Joanne FITZGERALD, Appellant,
v.
SOUTH BROWARD HOSPITAL DISTRICT, Appellee.
No. 4D02-1092.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
*461 Bruce Botsford of Bruce Botsford, P.A., Fort Lauderdale, and Cam F. Justice of Lawlor, Winston & Justice, P.A., Fort Lauderdale, for appellant.
Vanessa A. Reynolds and Susanne E. Riedhammer of Conrad & Scherer, LLP, Fort Lauderdale, for appellee.
GROSS, J.
Our focus is whether this case falls within the unrelated works exception to coemployee immunity pursuant to section 440.11(1), Florida Statutes (1995). We hold that it does not and affirm the decision of the circuit court.
Appellant, Joanne Fitzgerald, was a registered nurse who worked at the South Broward Hospital District's Memorial Regional Hospital East ("District"). While on duty, she took a break in the women's locker room. Fitzgerald entered a bathroom stall. When she opened the lock to leave, the stall door fell on her, hitting her arm and head and pinning her against the commode. Fitzgerald sustained injuries and underwent surgery on her shoulder.
Fitzgerald filed a claim and received worker's compensation. Also, she filed a lawsuit against the District on the theory of vicarious liability for the "negligent acts of fellow employees performing unrelated work." The District raised immunity under the Worker's Compensation Act as an affirmative defense.
Both sides moved for summary judgment. The District claimed immunity. Fitzgerald argued that her claim fell within the "unrelated works" exception of the Worker's Compensation Act. The circuit court rejected Fitzgerald's contention, granted the District's motion, and entered final judgment in favor of the District.
Summary judgment is proper when there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. See Fla. R. Civ. P. 1.510(c); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The interpretation of a statute central to a summary judgment is a matter of law subject to de novo review. See Eng'g Contractors Ass'n of S. Fla., Inc. v. Broward County, 789 So.2d 445, 449-50 (Fla. 4th DCA 2001).
[A]n employer's liability under workers' compensation is exclusive and in place of all other liability as to third-party tortfeasors and employees. The section provides that the same immunity extends to each employee of the employer when such employee is acting in furtherance of the employer's business.
Holmes County Sch. Bd. v. Duffell, 651 So.2d 1176, 1177-78 (Fla.1995) (citing *462 § 440.11(1), Fla. Stat. (1995)). However, an exception under which employee immunity is not applicable occurs when injuries result from the conduct of employees "assigned primarily to unrelated works."
Section 440.11(1) further provides that:
Such fellow-employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment. . .
(Emphasis added).
The issue on appeal is whether a nurse and the maintenance personnel of the hospital were "assigned primarily to unrelated works." If so, Fitzgerald would be able to proceed with her lawsuit against the District as "a surrogate defendant based on the negligent acts" of the District's maintenance staff. Duffell, 651 So.2d at 1179.
The legislature has failed to define the term "unrelated works." See Lopez v. Vilches, 734 So.2d 1095, 1096 (Fla. 2d DCA 1999). The unrelated works exception in worker's compensation is unique to Florida. See Vause v. Bay Med. Ctr., 687 So.2d 258, 262 n. 2 (Fla. 1st DCA 1996).
After reviewing the case law in this area, we believe that the difficulty in applying the exception arises from the failure of the courts to articulate the legislative intent behind it. The different approaches in the various cases arise from a lack of consensus on the role of the exemption in the worker's compensation law. We note that the unrelated works doctrine is currently under review by the supreme court. See Taylor v. Sch. Bd. of Brevard County, 790 So.2d 1156 (Fla. 5th DCA 2001), review granted, 819 So.2d 140 (Fla. Apr.25, 2002); Sanchez v. Dade County Sch. Bd., 784 So.2d 1172 (Fla. 3d DCA 2001), review granted, 819 So.2d 139 (Fla. Apr.30, 2002).
The express legislative intent behind the worker's compensation statute is to "assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful reemployment at a reasonable cost to the employer." § 440.015, Fla. Stat. (1995). Worker's compensation is a quid pro quo statute; the employee foregoes the right to sue in exchange for the employer's assumption of liability without fault. See Grice v. Suwannee Lumber Mfg. Co., 113 So.2d 742, 745-46 (Fla. 1st DCA 1959).
To allow suits under the unrelated works exception will increase the employer's costs. Justice Anstead has observed:
As a practical matter, when a fellow employee is sued under this exception, the employer's liability insurance will presumably apply since the employee is acting in the scope of his employment in the unrelated work. So, an employee may recover in tort, and probably against his employer's insurer, although his recovery may be reduced by any worker's compensation lien imposed.
Duffell, 651 So.2d at 1179 (Anstead, J., concurring specially).
In passing the unrelated works exception, the legislature must have determined that the benefit of restoring common law rights to employees in certain circumstances outweighed the detriment of the increased cost to employers.
We conclude that the unrelated works exception should be narrowly construed. *463 An expansive construction would obliterate the legislative intent that the system operate at "a reasonable cost" to the employer. To decide the case as Fitzgerald argues would erode the immunity provided under the worker's compensation law; a large enterprise such as a hospital could be subdivided into numerous "unrelated works," leading to a profusion of suits and a proliferation of costs.
As discussed by this court in Palm Beach County v. Kelly, 810 So.2d 560 (Fla. 4th DCA 2002), and School Board of Broward County v. Victorin, 767 So.2d 551 (Fla. 4th DCA 2000), the districts have utilized two different tests to determine whether employees are involved in "unrelated works" for purposes of the exclusion.
The first is a case-by-case analysis focusing on whether the employees in question are part of a team or on the same project.[1] The second is a bright-line test examining the physical location of where the employees work and whether they have a unified business purpose.[2] The bright-line test turns in part on interpreting the term "works" by using a "plain meaning" approach; "works" is "[a] factory, plant, or similar building or system of buildings where a specific type of business or industry is carried on." Lopez, 734 So.2d at 1096 (quoting AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1474 (1973)).
We hold that Fitzgerald's claim fails under either analysis.
Fitzgerald was a surgical nurse whose duties included: interviewing the patient before surgery, preparing the operating room for surgery, bringing the patient to the operating room, assisting in the surgery, being a patient advocate while the patient was under anesthesia, and escorting the patient to the recovery room postsurgery. The facilities management department was responsible for maintenance projects throughout the hospital, which included courtesy visits to patient rooms. Both Fitzgerald and the maintenance team worked in the hospital.
Application of the case-by-case approach focuses on whether Fitzgerald and the maintenance department worked on the same project or were part of the same team. In Abraham, the second district found that a painter and a fluorescent lighting technician working at the same construction site participated in related works. See 666 So.2d at 233. The court stated that although "their work skills may have been `unrelated,' their work was not." Id. In Laing, a teacher was hit by a golf cart operated by a school custodian. The third district held that even though the employees had different duties and unrelated work skills, they were still involved in the same project providing school-related activities. See 731 So.2d at 20.
The cases under review by the supreme court, Sanchez and Taylor, followed the same approach as Laing. In Sanchez, a teacher was attacked in the parking lot and claimed that the security personnel engaged in "unrelated works." 784 So.2d at 1172-73. The third district found no distinction between Sanchez and Laing and ruled that the employees' activities both involved providing education-related services. See Sanchez, 784 So.2d at 1173. In Taylor, the fifth district held that a school bus attendant and a school bus mechanic performed related works because *464 they provided "transportation services to... school children." 790 So.2d at 1157.
Under the case-by-case approach, Fitzgerald's work and that of the maintenance personnel are related. Although they worked in different departments and had dissimilar duties that required separate skills, both performed services relating to the hospital's mission, which was the treatment of patients.
Applying the bright-line test, Fitzgerald's claim also fails, because she worked at the same physical location as the maintenance personnel and because she shared a unified business purpose with these fellow employees.
A proper application of the exemption was seen in Kelly. There, the employees that were involved in an automobile accident both worked for the county, but they had different job duties, worked on different projects at entirely separate locations, and furthered different business purposes for the county. See 810 So.2d at 562.
Because Fitzgerald's claim fails under both "unrelated works" tests, we affirm the decision of the circuit court granting summary judgment to the District.
STEVENSON and MAY, JJ., concur.
NOTES
[1] See, e.g., Dade County Sch. Bd. v. Laing, 731 So.2d 19 (Fla. 3d DCA 1999); Turner v. PCR, Inc., 732 So.2d 342 (Fla. 1st DCA 1998), quashed on other grounds, 754 So.2d 683 (Fla. 2000); Vause, 687 So.2d at 261-63; Abraham v. Dzafic, 666 So.2d 232 (Fla. 2d DCA 1995); Johnson v. Comet Steel Erection Co., 435 So.2d 908 (Fla. 3d DCA 1983).
[2] See, e.g., Lopez, 734 So.2d at 1096-98.