Cynthia N. PLATH, Plaintiff,

v.

Phillipe J. MALEBRANCHE, Fedex Corporation, a Delaware Corporation licensed to do business in the State of New York, and Fedex Corporate Services, Inc., a Delaware Corporation licensed to do business in the State of New York, Defendants.

No. 6:04–CV–66–ORL–18JGG.

United States District Court,
M.D. Florida,
Orlando Division.

Jan. 4, 2005.

Mark Vernon Morsch, Mark V. Morsch & Associates, P.A., Winter Park, FL, for Plaintiff.

Michael J. Wiggins, Jon James Hernan, Cabaniss, Smith, Toole & Wiggins, PL, Maitland, FL, for Defendants.

## ORDER

G. KENDALL SHARP, Senior District Judge.

THIS CAUSE comes before the Court upon motion for summary judgment by Defendants Phillipe J. Malebranche ("Malebranche"). FedEx Corporation ("FedEx"), and FedEx Corporate Services, Inc. ("FCS") (Doc. 19, filed May 14, 2004), to which Plaintiff Cynthia N. Plath ("Plaintiff") has responded in opposition (Doc. 50, filed September 19, 2004).

## I. BACKGROUND

On July 10, 2002, both Plaintiff and Malebranche were attending a sales conference for their employer, FedEx, at the Swan Dolphin Hotel in Lake Buena Vista, Florida. Plaintiff was a FedEx employee in Oregon, while Malebranche was a FedEx employee in New York. As Plaintiff stood on a descending escalator in the hotel, Malebranche fell and struck her from behind. Plaintiff fell to the floor,

where she lay unconscious. Plaintiff alleges that Malebranche was riding, sitting, or balancing on the handrail before he fell, and that in doing so, he breached his duty of reasonable care. Plaintiff accordingly brings this action against Malebranche for negligence and against his employers, FedEx and FCS, for vicarious liability. Defendant argues that Plaintiff's tort action is statutorily barred because Plaintiff has already received workers' compensation benefits for the injury she sustained.

## II. DISCUSSION

### A. Summary Judgment

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c); *see, e.g., Stachel v. City of Cape Canaveral,* 51 F.Supp.2d 1326, 1329 (M.D.Fla.1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Matsushita*

*Elec. Ind. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy its burden. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548.

When the non-moving party has the burden of proof at trial, the moving party may meet its initial burden in one of two ways. It may support the motion by directing the Court's attention to affirmative evidence "that negates an essential element of the non-moving party's claim." *Celotex,* 477 U.S. at 331, 106 S.Ct. 2548 (Brennan, J., dissenting).[1] Alternatively, the moving party may point out to the court the "absence of evidence to support the non-moving party's case." *Id.* at 324, 106 S.Ct. 2548; *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–16 (11th Cir.1993).

If the moving party shows the absence of a genuine material fact that is triable, in either of these ways, and that it is entitled to judgment, the burden shifts to the non-moving party to make a sufficient showing to establish the essential elements of her case with respect to which she has the burden of proof. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. In contrast to the moving party, the non-moving party may not rest solely on her pleadings to satisfy this burden and escape summary judgment. *Id.* at 324. It must designate evidence within depositions, answers to interrogatories or admissions that indicates that there is a genuine issue for trial. *Fed.R.Civ.P.* 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

### B. Choice of Law

 The Court must first determine whether Oregon or Florida workers' com-

---

1. Justice Brennan agreed with the plurality's analysis of the standard for summary judg- ment in *Celotex.* He dissented on the basis of the facts of the case.

pensation law governs this action.[2] Because this case is before the Court on diversity jurisdiction, the Court will utilize Florida's conflict of law principles in determining which state's law applies. *See Allstate Ins. Co. v. Cohessy,* 32 F.Supp.2d 1328, 1330 (M.D.Fla.1998) *(citing Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Florida applies the "significant relationship" test to resolve choice of law issues arising from tort claims. *Bishop v. Fla. Specialty Paint Co.,* 389 So.2d 999, 1001 (Fla.1980). Under this principle, the law of the state where the injury occurred determines the rights and liabilities of the parties, unless it is determined that some other state has a more significant relationship to the occurrence and the parties: in that case, the law of that other state will be applied. *Id.* The factors to be taken into account in determining whether there is a "significant relationship" are:

> (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability and uniformity of result; and (7) ease in the determination and application of the law to be applied. *Restatement (Second) of Conflicts* § 6 (1971).

Contacts to be taken into account in applying these principles are: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Id.* § 145. These contacts are to be evaluated according to their relative importance with respect to the particular issue. *Id.*

Defendant contends that Oregon law should apply because Plaintiff is domiciled in Oregon, her employment relationship with Defendant is centered in Oregon, and she received workers' compensation benefits in Oregon. Defendant further contends that the fact that the injury occurred in Florida is unimportant in cases in which the victim's presence in the state was mere happenstance. *See Bishop,* 389 So.2d at 1000 (noting that the "relationship of South Carolina to the personal injury action is limited to the happenstance of the plane coming into contact with South Carolina soil after developing engine trouble in unidentified airspace"); *Krasnosky v. Meredith,* 447 So.2d 232, 233 (Fla. 1st DCA 1983) (finding Florida law applied because "the only relationship of Georgia to the personal injury action is the mere 'happenstance' of the automobile coming into contact with a Georgia tree"). These cases do not provide a perfect analogy to the instant case: by attending a sales conference in Florida, Plaintiff's contacts with Florida consisted of more than mere "happenstance." or merely passing through the state.

In workers' compensation cases applying Florida law to negligence actions by out-of-state employees injured in Florida, the courts have found it important that the injured party contracted to work in Florida. *See Marion Power Shovel Co. v. Hargis,* 698 So.2d 1246, 1247 (Fla. 3rd DCA 1997); *see also Liberty Mut. Ins. Co. v. Elec. Sys., Inc.,* 813 F.Supp. 802 (S.D.Fla. 1993) (in case by insurer against employer,

---

**2.** Because Oregon and Florida workers' compensation law differs on the issue that must be resolved in the instant case, the Court must undertake a conflict of laws analysis. *See Fioretti v. Mass. Gen. Life Ins. Co.,* 53 F.3d 1228, 1235 (11th Cir.1995).

employer directed the employee to work in Florida). In contrast to these cases, however, there is no indication that Plaintiff knew when she accepted employment with FedEx that she would ever engage in work in Florida.

Only one case cited by the parties provides a close analogy to the facts of the instant case. *See Garcia v. Pub. Health Trust of Dade Co.*, 841 F.2d 1062, 1066 (11th Cir.1988). Garcia, an Iberia Airlines employee, was in Florida on a layover when he was mugged and negligently treated by an Iberia Airlines doctor. In finding that Florida law controlled, the Eleventh Circuit focused on two points. First, the injury occurred in Florida. Second, Florida, the forum state, articulated a strong public policy of shielding an employer from liability for injuries for which the employee received workers' compensation. *Id.* at 1066; *Fla. Stat.* ch. 440.11(1) (stating that worker's compensation is the exclusive liability when employees are acting in "furtherance of the employer's business," unless "they are assigned primarily to unrelated works").

 Although Florida has articulated a relevant public policy, Oregon has an even stronger public policy of shielding employers from liability, in that it does not contain an "unrelated works" exception. *Or.Rev.Stat.* § 656.018(1)(a). The policies of both the forum state and other interested states must be weighed in a conflict of laws analysis. *Restatement (Second) of Conflicts* § 6 (1971). Given Plaintiff's minimal contact with Florida as compared to Oregon's strong public policy of shielding employers from liability, the fact that Plaintiff has already chosen to participate in Oregon's workers' compensation system, and that Plaintiff's employment relationship with FedEx is centered in Oregon, the Court finds Oregon has a more significant relationship to the instant action.

### C. Liability

#### 1. Oregon Law

Under Oregon law, an employer that provides workers' compensation to an injured employee is not liable under tort for injuries "arising out of and in the course of employment." *Or.Rev.Stat.* § 656.018(1)(a). The statute further provides that this exemption from liability shall not apply for the employer's insurer and co-employees where the "worker and the person otherwise exempt under this subsection are not engaged in the furtherance of a common enterprise or the accomplishment of the same or related objectives." *Or.Rev.Stat.* § 656.018(3)(b).

 The Court finds that the instant injury arose out of the course of Plaintiff's employment, and that Plaintiff and Malebranche were engaged in the furtherance of their employer's enterprise and the same related objectives. Specifically, when the injury occurred, both employees were attending a sales conference at the behest of their employer, FedEx and/or FCS. (Doc. 1, ¶¶ 9–10) As the Complaint states, at the time of the accident, Malebranche "was situated upon the descending escalator as part of his participation in and attendance at the aforementioned sales conference." (Doc. 1, ¶ 18.) Plaintiff provides no Oregon authority stating that such an activity does not fall under the statutory exemption. Consequently, Plaintiff's instant action is barred by section 656.018, and Defendants' motion for summary judgment is granted.

#### 2. Florida Law

 Even if the choice of law analysis dictated that Florida law should apply, Plaintiff's claim would still fail. Like Oregon, Florida law provides that workers' compensation is the exclusive liability for an employer. *Fla. Stat.* ch. 440.11(1).

This exemption is extended to employees who are acting in "furtherance of the employer's business," except when "they are assigned primarily to unrelated works." *Id.* Florida courts have noted that the "unrelated works" exception is unique to Florida. *Fitzgerald v. S. Broward Hosp. Dist.*, 840 So.2d 460, 462 (Fla. 4th DCA 2003). The courts have narrowly construed the exception so as not to obliterate the legislative intent that the workers' compensation system operate at a reasonable cost to the employer. *Id.* As described by the Fourth District Court of Appeals:

> The districts have utilized two different tests to determine whether employees are involved in "unrelated works" for purposes of the exclusion. The first is a case-by-case analysis focusing on whether the employees in question are part of a team or on the same project. The second is a bright-line test examining the physical location of where the employees work and whether they have a unified business purpose. The bright-line test turns in part on interpreting the term "works" by using a "plain meaning" approach; "works" is "[a] factory, plant, or similar building or system of buildings where a specific type of business or industry is carried on." *Id.*

Under both tests, Plaintiff's and Malebranche's attendance at the same sales conference for the benefit of their joint employer is not an unrelated work. *See School Bd. of Broward Co. v. Victorin,* 767 So.2d 551, 554 (Fla. 4th DCA 2000) (holding bus drivers who drove different buses from different depots for the same employer were not engaged in unrelated works, and giving overview of several unrelated works cases). The instant case does not present questions of fact that would preclude summary judgment. *Compare Lake v. Ramsay,* 566 So.2d 845, 848 (Fla. 4th DCA 1990).

## III. CONCLUSION

For the foregoing reasons. Defendants' motion for summary judgment (Doc. 19, filed May 14, 2004) is **GRANTED**. The Clerk of the Court is directed to **ENTER JUDGMENT** on behalf of Defendants and **CLOSE THE CASE.**