886 So.2d 303 (2004)
MIAMI-DADE COUNTY, Appellant,
v.
Julio ARAVENA, the husband and as Personal Representative of the Estate of Gregoria Vega, deceased, Appellee.
No. 3D03-2482.
District Court of Appeal of Florida, Third District.
November 10, 2004.
Robert A. Ginsburg, Miami-Dade County Attorney, and Jeffrey P. Ehrlich, Assistant County Attorney, for appellant.
Feiler, Leach & McCarron and Martin E. Leach, Coral Gables, for appellee.
*304 Before SCHWARTZ, C.J., and LEVY, and WELLS, JJ.
WELLS, Judge.
Miami-Dade County appeals from an order denying its motion for judgment notwithstanding the verdict, claiming that this wrongful death action is barred by workers' compensation immunity. Because we agree that the "unrelated works" exception to workers' compensation immunity does not apply to this case, we reverse.
The decedent, Gregoria Vega, was employed by the County's police department as a part-time school crossing guard at the intersection of Southwest 16th Street and 62nd Avenue. On October 24, 2001, two vehicles  one traveling northbound, the other eastbound  collided in the intersection. One of the vehicles veered off the road killing Vega. At the time of the accident, the traffic lights at the intersection were not operating properly.
Julio Aravena, Vega's husband, subsequently brought a wrongful death suit alleging that Vega's death was caused, in part, by the negligence of County traffic signal repair personnel who failed to timely repair the malfunctioning traffic light. The County sought to avoid liability claiming that Aravena's action was barred by that portion of Florida's Workers' Compensation Law which accords tort immunity to employers and co-employees "acting in furtherance of the employer's business." § 440.11(1), Fla. Stat. (2001). The trial court disagreed with the County, finding that Aravena's claim fell within the "unrelated works" exception to the co-workers' immunity provision. Id. (stating that co-worker immunity is not "applicable to employees of the same employer when each is operating in furtherance of the employer's business but they are assigned primarily to unrelated works"). We disagree.
In Taylor v. Sch. Bd. of Brevard County, 29 Fla. L. Weekly S421, S422, ___ So.2d ___, ___, 2004 WL 1846219 (Fla. Aug. 19, 2004), the Florida Supreme Court concluded that the "unrelated works" exception to workers' compensation immunity was to be interpreted narrowly and "applied only when it can clearly be demonstrated that a fellow employee whose actions caused the injury was engaged in works unrelated to the duties of the injured employee." Applying this principle and test to the facts therein, the Supreme Court found that the duties of a school bus attendant  who was injured when the wheelchair lift affixed to a school bus fell on him  were related to the duties of the school bus mechanic who maintained the bus because the attendant and the mechanic "had in common the provision of transportation services to Brevard County school children." Id. In reaching this decision, the Supreme Court approved the Fifth District Court of Appeal's determination that the co-employees were involved in the "same project," finding that the holding "comport[ed] with the overall legislative intent of the Florida Workers' Compensation Law, because the law was meant to systematically resolve nearly every workplace injury case on behalf of both the employee and the employer." Id.; see also Sanchez v. Dade County Sch. Bd., 784 So.2d 1172, 1173 (Fla. 3d DCA 2001), review granted, 819 So.2d 139 (Fla.2002) (finding no exception from co-worker immunity for school security personnel who failed to protect a school teacher from a trespasser assault in the teachers' parking lot because the teacher and security personnel were collectively engaged in "activities primarily related to the provision of education related services"); Dade County Sch. Bd. v. Laing, 731 So.2d 19, 20 (Fla. 3d DCA 1999) (finding no exception from co-worker immunity for a custodian who struck a teacher leaving a classroom with a golf cart because the teacher and *305 custodian "were both working on the same project, in the sense that they were co-employees providing education related services to students at Hialeah High School"); Johnson v. Comet Steel Erection, Inc., 435 So.2d 908, 909 (Fla. 3d DCA 1983) (finding no exception from co-worker immunity because "the fact that appellant was a common laborer for the general contractor and the tortfeasor was a welder for the subcontractor did not make their work `unrelated'"); accord Fitzgerald v. South Broward Hosp. Dist., 840 So.2d 460, 464 (Fla. 4th DCA 2003) (finding no exception from co-worker immunity for maintenance personnel whose negligence allegedly resulted in a bathroom stall door falling on a nurse because "both [the nurse and maintenance personnel] performed services relating to the hospital's mission, which was the treatment of patients"); compare Palm Beach County v. Kelly, 810 So.2d 560, 562 (Fla. 4th DCA 2002) (applying the unrelated works exception where a county employee, who primarily maintained and repaired excavation equipment at a rock pit, had an automobile accident with another county employee, who swept and mowed airport grounds, because these co-employees "had different job duties and did not work cooperatively as a team but, rather, worked on two entirely different projects").
In the instant case, it cannot be said that these co-employees worked on entirely different projects. Nor can it be clearly demonstrated that the work of the County's traffic signal repair personnel, whose job was to regulate vehicular and pedestrian traffic, was unrelated to the work of the school crossing guard, whose job also was to regulate vehicular and pedestrian traffic at the same intersection. To hold otherwise would contravene the overall legislative intent of the workers' compensation law, which "was meant to systematically resolve nearly every workplace injury case on behalf of both the employee and the employer." Taylor, 29 Fla. L. Weekly at S422, ___ So.2d at ___.
Accordingly, we reverse the trial court's denial of the motion for judgment notwithstanding the verdict and remand for entry of judgment for the County based on workers' compensation immunity.